38312. RADIO STATION WTMP v. ZIOR.

DECIDED JUNE 16, 1960—REHEARING DENIED JULY 5, 1960.

*A. Mims Wilkinson, Jr.*, for plaintiff in error.
*Dunaway, Embry & Shelfer, Wm. S. Shelfer*, contra.

FELTON, Chief Judge. "An instrument signed by one as agent, trustee, guardian, administrator, executor, or the like, without more, shall be the individual undertaking of the maker, such words being generally words of description." *Code* § 4-401. A complete discussion of the origin of this section appears in *McRitchie v. Atlanta Trust Co.*, 170 Ga. 296, 302 (152 S. E. 834). Correlative to this provision is the principle that "where in the body or on the face of the instrument the agency is distinctly

specified and the principal indicated, and the contract is substantially in the name of such principal, the latter, and not the agent, will be regarded as the maker of the instrument." See *Harp v. First Nat. Bank of Reynolds*, 173 Ga. 768 (3) (161 S. E. 355), and cit.

In the present case the action is against "Ann Zior doing business as Ejax Oil Stablizer." The evidence discloses that the advertising contract was signed as follows: "Ann Zior, Sec.-Treas. authorized agent for Ejax Oil Stabilizer." The addition of the name of the purported principal to the agent's signature here is prima facie sufficient to take this case beyond the purview of *Code* § 4-401 and bring it within the principle stated in *Harp v. First Nat. Bank of Reynolds*, 173 Ga. 768, supra. While the language in *Dorsey v. Rankin*, 43 Ga. App. 12 (2) (157 S. E. 876) might seem to indicate otherwise, a close reading of that decision reveals that it deals with a situation in which the contracting party was not disclosed on the face of the contract, which was signed by J. R. Smith as "agent for owners" without specific designation of a principal.

The plaintiff relies heavily on the decision of this court in *Kenney v. Walden*, 28 Ga. App. 810 (2) (13 S. E. 61) where an agreement signed "Frank J. Kenney, Agt. for Estate of Mary F. Kavanaugh," was held to be an individual undertaking since no agency for any legal entity was disclosed. This decision represents a sound proposition of law where the evidence discloses that the purported principal is not a legal entity, as in the case of an estate. Regardless of whether or not its name imports a corporation or a partnership, there is nothing in the evidence to show that Ejax Oil Stabilizer is not a legal entity capable of entering into a contractual relation. On cross-examination Ann Zior testified as follows: "I have seen the paper handed me marked Plaintiff's Exhibit 1. It is an agrement to advertise with WIOK that I signed in the capacity of secretary and treasurer for Ejax Oil Stabilizer. I signed it. As to where I was when it was signed. I imagine I was in the Atlanta office." By bringing his action against "Ann Zior, doing business as Ejax Oil Stabilizer," the plaintiff has substantially alleged that Ejax Oil Stabilizer is an individual enterprise on

the part of Ann Zior but has failed to introduce any evidence in support of this theory. Since the plaintiff has therefore failed to prove his case as laid against the defendant named in his action, the court did not err in granting the motion for a nonsuit.

*Judgment affirmed. Nichols and Bell, JJ., concur.*