## 52200. TRI-STATE CULVERT MANUFACTURING, INC. v. CRUM et al.

WEBB, Judge.

Tri-State Culvert Manufacturing, Inc. brought suit against the owners of described realty seeking to foreclose a materialman's lien for corrugated pipe used in a development known as Century Center. It was alleged that plaintiff furnished the pipe to a subcontractor on the job, "P & D Pipe Contractors, Inc.," a corporation, against which a judgment had previously been obtained in a suit on the account. A copy of the claim of lien, attached to the complaint as an exhibit, stated that the materials were furnished "at the special instance of P & D Pipe Contractors, Inc.," and a copy of the judgment fi. fa., also attached, showed that the judgment had been obtained against the corporation as the account debtor.

At trial of the lien foreclosure it developed that plaintiff materialman had brought the prior suit on the account jointly against the corporation and its two individual incorporators, Raleigh Lovett and Fred Wagner, alleging that they were all liable on the account. Lovett and Wagner answered, denying liability, but the case went into default as to the corporation. Plaintiff chose to take a default judgment against the corporation and to dismiss as to the individuals Lovett and Wagner, and in this manner plaintiff elected to rely upon its default judgment against the corporation as satisfying the condition precedent that judgment on the account be obtained against the contractor to whom the materials were furnished.

At trial, however, plaintiff's general manager testified that throughout the relevant time period plaintiff had sold the pipe not to the corporation but to the two individuals, Lovett and Wagner, trading as P & D Pipe Contractors; that he had relied upon the credit of these individuals in setting up and maintaining the account; and that he never knew they had incorporated until after they ceased doing business.

At the close of plaintiff's evidence defendants moved for an involuntary dismissal pursuant to CPA § 41 (b) (Code Ann. § 81A-141 (b)) on the ground, inter alia, that

plaintiff had not proved a judgment against the subcontractor to whom the material was furnished, i. e., Lovett and Wagner, the individuals. The trial court granted the motion, and this appeal followed.

We affirm. Unless the case falls within one of the exceptions enumerated under Code Ann. § 67-2002, which are not applicable here, "in a suit to foreclose a materialman's lien on real estate, plaintiff must show that he has brought suit against the contractor or subcontractor, as the case may be, to whom the material was furnished. . ." *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217, 219 (154 SE2d 638). "The reason of the rule is that the landowner should not be called on to pay a debt he did not contract, and for which his property is liable only by force of a statute, until the materialman has established by judgment, in a proceeding to which the contractor is a party, that the contractor owes to him the amount for which he is seeking to assert his lien." *Pike Bros. Lumber Co. v. Mitchell,* 132 Ga. 675, 676 (64 SE 998). "It is in the antecedent suit against the contractor that the adjudication is made as to items furnished and the amount due with respect to a particular contract." *Chambers Lumber Co. v. Gilmer,* 60 Ga. App. 832, 835 (5 SE2d 84). "It seems clear that one reason for this requirement of a prior suit is that most of the defenses to the lien (i.e., the materialman has not complied with his contract) can best be presented by the contractor with his direct knowledge of the transactions in question rather than by the relatively uninformed owner." Ben O'Callaghan Co. v. Schmincke, 376 FSupp. 1361, 1364 (D.C. Ga.). Thus in a lien foreclosure the materialman must distinguish between an individual and his corporation and must bring suit against the correct account debtor. *D. H. Overmyer Warehouse Co. v. W. C. Caye & Co.,* 116 Ga. App. 128 (157 SE2d 68) (W. J. Nixon and W. J. Nixon Construction Company, a corporation). See also *Jordan Co. v. Adkins,* 105 Ga. App. 157 (123 SE2d 731). This is also the rule in suits on account in general. *National Advertising Co. v. North American Ins. &c. Co.,* 122 Ga. App. 481 (177 SE2d 510).

Here the suit on account against the corporation proceeded to a default judgment. The statement of the

account attached as an exhibit to the complaint in that case lists the debtor as "P & D Pipe Contractors" which, according to the complaint, is a trade name of the corporation.[1] Hence under CPA § 55 (a) (Code Ann. § 81A-155 (a)) these matters, as well as those pertaining to materials furnished and amount due as shown on the statement of the account, must be deemed "supported by proper evidence" so that the corporation has been duly adjudicated the account debtor in a specified amount. The issue before us is whether this adjudication is binding upon the owners in the lien foreclosure, or whether they are permitted to show that the corporation was not, in fact, the account debtor.

We hold that the owners, who were not parties to the suit on account, are not concluded by that judgment. It is not contended that the principles of res judicata or estoppel by judgment are applicable, nor is any authority or reason advanced as to why the judgment should otherwise be held conclusive against the owner. While it has been held that the *materialman* is concluded in the sense that he may not show a greater liability on the owner's part than on the contractor's (*Philip Carey Mfg. Co. v. Viaduct Place,* 1 Ga. App. 707 (3b) (58 SE 274), and that he may not establish in the lien foreclosure details of the account differing from that proved in the suit against the contractor (*Chambers Lumber Co. v. Gilmer,* 60 Ga. App. 832 (5 SE2d 84)), it does not appear that the *owner* is similarly concluded. There are many cases stating that there must be a "valid" judgment against the contractor as a condition precedent to the lien foreclosure (e.g., *Victory Lumber Co. v. Ellison,* 95 Ga. App. 105, 106 (97 SE2d 334)), thus implying that the owner may question the validity of the judgment; and it has been held that where the contractor and owner are sued concurrently, the owner may assert the contractor's defense of lack of jurisdiction. *Mauck v. Rosser,* 126 Ga. 268 (55 SE 32). In that case the court stated in headnote (3) that "There can be no *valid* judgment of foreclosure of a materialman's

---

[1]Compare *National Advertising Co. v. North American Ins. &c. Co.,* 122 Ga. App. 481 (177 SE2d 510).

lien for materials furnished to a contractor, upon the real estate improved with such materials, in the absence of a *valid* judgment in his favor against the contractor for the price of such materials." (Emphasis supplied.)

In *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434 (2) (184 SE2d 31), *Pickett v. Chamblee Const. Co.,* 124 Ga. App. 769 (8) (186 SE2d 123), and *Houston Gen. Ins. Co. v. Stein Steel &c. Co.,* 134 Ga. App. 624 (215 SE2d 511), this court had occasion to consider what effect prior judgments had upon guarantors and sureties of various types of contracts and bonds. In the absence of any citation of authority as to a different rule in lien foreclosures, we adopt the rule of *Escambia* (124 Ga. App. 434 (2)), supra, that "proper proof of the rendition of a judgment in favor of the [materialman] against the [contractor] is not conclusive against the [owner], but it does establish prima facie that the [materialman] has a valid claim against the [contractor] for the amount of the judgment. The burden is upon the [owner] to introduce evidence sufficient to rebut the correctness of the judgment. This rule applies to litigated cases against the [contractor] and, by virtue of CPA § 55 (a), to judgments rendered against him by default."

In the instant lien foreclosure the owners, by cross examination of plaintiff materialman's general manager, established that the account was set up and maintained upon the credit of Lovett and Wagner, the individuals, and the finding by the trial court that these individuals, and not their corporation, were the account debtors was authorized, if not demanded, by the evidence. Thus the trial court's conclusion that judgment should have been obtained against Lovett and Wagner as the subcontractors to whom the materials were furnished was correct.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED MAY 5, 1976 — DECIDED JULY 29, 1976.

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Charles C. Pritchard, Abraham A. Sharony,* for appellant.

*Sutherland, Asbill & Brennan, John A. Chandler,* for appellees.