## 58205. LIGGETT v. HARPER et al.

BANKE, Judge.

This is an action filed by the appellant, Liggett, to foreclose a materialman's lien, as well as to recover money damages and obtain certain other relief not relevant to this appeal. Liggett sought to recover for labor and materials which he furnished as a subcontractor in the construction of a house owned by appellee Ralph Harper. Also named as defendants below were Emmett Bell and R. E. Gay, who were alleged to be the general contractors on the job, and First Federal Savings and Loan Association of McCrae, the holder of a first security deed on the property.

Liggett alleges that appellees Bell and Gay operated a partnership known as "Pulaski General Contractors" and that it was with this firm that he contracted to furnish labor and materials for the construction of Harper's house. However, Harper asserts that he contracted not with a partnership but with a corporation entitled "Pulaski General Contractors, Inc.," and the written contract which he signed for the improvements estab-lishes conclusively that this corporation was, in fact, the contractor. Bell and Gay deny that they or the partnership ever contracted either with appellant or with Harper.

The trial court agreed with the appellant that there was an issue of fact as to whether Harper knew at the closing that unpaid claims for labor and materials were

outstanding; however, it nevertheless granted summary judgment in his favor denying the foreclosure based on the fact that the appellant had not alleged any contractual relationship with Pulaski General Contractors, Inc., the actual contractor. Although the appellant sought and obtained permission to amend his pleadings to assert such a claim against the corporation, he never did so, but instead continued to maintain that he had never had any dealings with the corporation. Summary judgment was also granted to First Federal Savings and Loan Association, both for the above reason and for the additional reason that, prior to final settlement and closing, it had obtained from Harper and from Bell, acting as agent for the corporation, affidavits stating that all bills for labor and materials had been paid. Motions for summary judgment in favor of the remaining defendants and in favor of the appellant were denied. This appeal is from the grant of summary judgment to Harper and First Federal. *Held:*

1. In the absence of certain specified exceptions not applicable to this case, the plaintiff in a suit to foreclose a materialman's lien must bring suit against the contractor to whom the labor and materials were furnished as a condition precedent to establishing his right to foreclosure. See Code Ann. § 67-2002 (3); *Baldwin v. Shields,* 134 Ga. 221 (67 SE 798) (1910); *Smith v. Walker,* 194 Ga. 586 (1) (22 SE2d 160) (1942); *Tri-State Culvert Mfg. v. Crum,* 139 Ga. App. 448 (228 SE2d 403) (1976). In the absence of a showing of a contractual relationship between the owner and the person to whom the materials were furnished, no enforceable lien is created against the owner's property. *Morgan v. May Realty Co.,* 86 Ga. App. 261 (71 SE2d 438) (1952). See Code Ann. § 67-2001 (2). As indicated above, the appellant did not seek to recover against the entity with whom Harper contracted, i.e., Pulaski General Contractors, Inc. Although he did move the court to make the corporation a defendant in the case, and although this motion was granted, the appellant never amended the pleadings to assert any claim against the corporation, nor did he take any action to procure compliance with the court's order requiring the corporation to be served with the pleadings in the case.

The appellant urges that he is nevertheless entitled to foreclose the lien because Harper consented to the work which he performed. "[W]e recognize the principle that in some instances a true owner may bind himself where improvements are made on his property if he consents *to the contract* under which the improvements are made [cits.] . . ." *Morgan v. May Realty Co.,* supra, at 263. (Emphasis supplied.) What is lacking here, however, is an allegation that Harper consented *to the contract* between the appellant and the partnership (assuming that such a contract existed), as opposed merely *to* the *work* which the appellant performed on his property.

For the above reasons, it was not error to grant summary judgment in Harper's favor denying foreclosure of the lien.

2. It follows that the grant of summary judgment in favor of First Federal was also authorized.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED JULY 12, 1979 — DECIDED SEPTEMBER 6, 1979 — REHEARING DENIED OCTOBER 3, 1979 — 

*Walter E. Baker, James D. Hudson,* for appellant.
*James W. Hurt, J. Johnson Hall, Hugh Lawson,* for appellees.