## 58329, 58330. COTTON v. FEDERAL LAND BANK OF COLUMBIA (two cases).

SMITH, Judge.

Appellant asserts that the judgment below must be reversed because the trial court (1) failed to include findings of fact and conclusions of law in its judgment and (2) defined one of the terms of its judgment by nunc pro tunc order subsequent to the filing of a notice of appeal. We affirm.

On August 18, 1975, appellee filed separate complaints in the Superior Court of Gwinnett County seeking judgments upon which the foreclosure of two security deeds could be based. On September 18, 1975, appellant filed a copy of a petition for removal in the Superior Court of Gwinnett County. An answer, under the heading "In the United States District Court for the Northern District of Georgia Atlanta Division" was attached to the removal petition. After the removal petition was considered by the U. S. District Court, the case was remanded to the Superior Court of Gwinnett County on the ground that the federal courts lacked subject matter jurisdiction. The case was heard by the superior court on February 22, 1979. On March 23, the court entered an order stating that the defendant was "in default and that the plaintiff should be allowed to proceed to exercise the powers of sale contained in the deeds to secure debt." Appellant filed a notice of appeal. Subsequently, the trial court, by nunc pro tunc order, stated that the term "in default," as used in the original order, meant "in default on the Federal Land Bank Loans."

1. In our judgment, appellant failed to file an effective answer to the complaint and was therefore in default. Upon the filing of the copy of the removal petition, "the jurisdiction of the State court was suspended until the case was remanded to it by the Federal court, at which time the State court resumed jurisdiction, and the case stood as it did at the time of removal." *Allen v. Hatchett,* 91 Ga. App. 571, 576-577 (86 SE2d 662) (1955); *Sayers v. Rothberg,* 222 Ga. 626, 627 (151 SE2d 445) (1966). "Since the adoption of [28 USCA] § 1446, it has been uniformly

held that the state court loses all jurisdiction to proceed immediately upon the filing of the petition in federal court and a copy in the state court." State of South Carolina v. Moore, 447 F2d 1067, 1073 (4th Cir. 1971); People v. Bogart, 7 Cal. App. 3d 257 (86 Cal. Rptr. 737) (1970); Garber v. United Mine Workers, 524 P2d 578 (Wyo. 1974). By the very act of filing a copy of the removal petition, appellant deprived the state court of jurisdiction over the case. Under 28 USCA § 1446 (e), the state court could proceed no further. Appellant could not, by the same act, both affirm and deny the jurisdiction of the state court. Until the case was remanded to the state court appellant could not file an effective responsive pleading in state court. See Lucky Friday Silver-Lead Mines Co. v. Atlas Mining Co., 88 Idaho 11 (395 P2d 477) (1964). Since appellant failed to file an effective answer, appellant was in default.

2. The trial court was not required to make findings of fact and conclusions of law in this case since appellee must be treated as having obtained judgment by default. Inasmuch as appellant failed to make the requisite responsive pleading, appellee was "entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury . . ." CPA § 55 (a) (Code Ann. § 81A-155 (a)); *Tri-State Culvert Mfg., Inc. v. Crum,* 139 Ga. App. 448, 450 (228 SE2d 403) (1976).

3. Regardless of whether the nunc pro tunc order clarifying the meaning of the term "in default" was a nullity, on the ground that it was issued after the filing of a notice of appeal (*Jackson v. Martin,* 225 Ga. 170 (167 SE2d 135) (1969)), appellant shows no reversible error. Since the order of March 23, 1979, could be construed to mean either that appellant was "in default" as the term is used in CPA § 55 (a) or that appellant was "in default on the Federal Land Bank Loans," the judgment was sufficient. Under CPA § 55 (a), appellee is entitled to judgment as if the allegations of the complaint were supported by proper evidence. *Tri-State Culvert Mfg., Inc. v. Crum,* supra.

*Judgment affirmed. Quillian, P. J., and Birdsong,*

*J., concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED JANUARY 7, 1980 — REHEARING DENIED FEBRUARY 5, 1980 —

*William T. Brooks,* for appellant.
*Jones Webb, J. L. Edmondson,* for appellee.