## 59307. ROCHESTER et al. v. DIXON'S CONCRETE PRODUCTS, INC. et al.

QUILLIAN, Presiding Judge.

This was a suit to establish and foreclose liens. The appellant landowners' general contractor, Braun, subcontracted in writing with appellee Tracy O. Dixon, Inc., a paving contractor, to prepare, pour and finish concrete slabs on appellants' land, and to provide the concrete therefor. Appellee Dixon's Concrete Products, Inc. as a sub-subcontractor or materialman to Tracy O. Dixon, Inc., provided the concrete for the job. Although it had no contract with Braun, Dixon's Concrete Products, Inc. billed Braun directly for the concrete provided. By the completion of the work, neither of the Dixon corporations had been paid by Braun for the work or

materials. Both Dixon corporations filed liens of record against the property, jointly sued and obtained default judgments against Braun, and then jointly commenced this action against the landowners. Upon trial, jury verdict and judgment was for both Dixon corporations. The landowners appeal the denial of motions for directed verdict and for judgment notwithstanding the verdict as to Dixon's Concrete Products, Inc. only. *Held:*

1. Appellants contend that the evidence does not support the verdict and judgment in favor of Dixon's Concrete Products, Inc. because it was a subcontractor or materialman to Tracy O. Dixon, Inc., and had not commenced an action for recovery of its claim against Tracy O. Dixon, Inc., as required by Code Ann. § 67-2002 (3) (Ga. L. 1873, p. 44, as amended through 1977, p. 675).

" '[I]n a suit to foreclose a materialman's lien on real estate, plaintiff must show that he has brought suit against the contractor or subcontractor, as the case may be, to whom the material was furnished . . .' [Cit.]" *Tri-State Culvert Mfg. v. Crum,* 139 Ga. App. 448, 449 (228 SE2d 403). There is no evidence of any contract for the concrete between Dixon's Concrete Products, Inc. and Braun, the general contractor. Tracy O. Dixon, the president and principal stockholder of both appellee corporations, testified that Dixon's Concrete Products, Inc. was a subcontractor to Tracy O. Dixon, Inc. There is also no evidence that Dixon's Concrete Products, Inc. commenced suit against Tracy O. Dixon, Inc. in accordance with Code Ann. § 67-2002 (3) to collect for the concrete it supplied. Accordingly, we find that the trial court erred in denying appellant's motions as to Dixon's Concrete Products, Inc.

Appellee Dixon's Concrete Products, Inc.'s contention that it would be inequitable and unreasonable to require it to have brought suit against Tracy O. Dixon, Inc. to perfect its lien is without merit as it did not comply with the statute. The lien laws, being in derogation of the common law, are strictly construed against the lien claimant and in favor of the landowner. *Brockett Rd. Apts. v. Georgia Pacific Corp.,* 138 Ga. App. 198 (225 SE2d 771); *Green v. Farrar Lumber Co.,* 119 Ga. 30 (46 SE 62).

2. The claim that Dixon's Concrete Products, Inc. did not commence its action against Braun within 12 months as required by Code Ann. § 67-2002 (3) is mooted by the foregoing holding.

3. The judgment is reversed as to Dixon's Concrete Products, Inc. with direction to vacate the prior judgment and enter a judgment for Tracy O. Dixon, Inc. in the amount of $5,850.36, as a special lien.

*Judgment reversed and case remanded with direction. Shulman and Carley, JJ., concur.*

ARGUED JANUARY 9, 1980 — DECIDED MARCH 19, 1980 —
REHEARING DENIED APRIL 4, 1980 — 

*John M. Tatum,* for appellants.
*C. Grant Washington,* for appellees.