## 62279. BEN HILL READY MIX CONCRETE COMPANY v. PRATHER et al.

SOGNIER, Judge.

Ben Hill Ready Mix Concrete Company (Ben Hill) sought to foreclose a materialman's lien against property owned by R. W. and Deborah Prather. The trial court granted the Prathers' motion for summary judgment and Ben Hill appeals.

Richard and Deborah Prather entered into a contract with "Thomas R. Harrison, President, Pacifica Development Corp." for construction of a house. Harrison, d/b/a Pacifica Construction Co., purchased concrete materials from Ben Hill for use in the construction of the Prathers' house. Harrison failed to pay Ben Hill for the materials and on June 23, 1978 Ben Hill timely filed a claim of lien against the Prathers' property. Ben Hill filed suit against Harrison, individually and d/b/a Pacifica Construction Co. on October 5, 1978 and received judgment in the amount of $1,460.16 on

April 6, 1979. Ben Hill did not file suit against Pacifica Development Corp., the contractor. There is no evidence of any contractual relationship between the corporation contractor and Harrison individually or d/b/a Pacifica Construction Co., as *subcontractors.*

1. Appellants contend that the trial court erred in granting summary judgment in favor of the property owners because Harrison, in his individual capacity, was either a contractor, subcontractor or agent of the contractor. We do not agree.

Under the provisions of Code Ann. § 67-2002 (3) (Ga. L. 1977, 675), " 'in a suit to foreclose a materialman's lien on real estate, plaintiff must show that he has brought suit against the *contractor* or *subcontractor,* as the case may be, to whom the material was furnished . . .' [Cit.]" (Emphasis supplied.) *Tri-State Culvert Mfg. v. Crum,* 139 Ga. App. 448, 449 (228 SE2d 403) (1976); *Liggett v. Harper,* 151 Ga. App. 616, 617 (260 SE2d 735) (1979). The contractor here, as indicated by the contract itself, is *Pacifica Development Corp.;* the contract was of that corporation. See *Raleigh R. Co. v. Pullman Co.,* 122 Ga. 700 (9) (50 SE 1008) (1905); *Radio Station WTMP v. Zior,* 102 Ga. App. 38 (115 SE2d 627) (1960).

In a lien foreclosure the materialman must distinguish between an individual and his corporation and bring suit against the correct account debtor. *Tri-State,* supra. In the instant case, the correct account debtor (Harrison) was sued; however, there is no indication in the record that the party to whom the materials were furnished (Harrison d/b/a Pacifica Construction Co.) was either a contractor or subcontractor of the owner. In the absence of a showing of a contractual relationship between the property owner and the person to whom the materials were furnished, no enforceable lien is created against the owner's property. *Liggett v. Harper,* supra. Harrison, in his individual capacity or d/b/a Pacifica Construction Co., was not the contractor, and had no contractual relationship with the Prathers. Although the result here may seem harsh, the lien laws, being in derogation of the common law, are strictly construed against the lien claimant and in favor of the landowner. *Rochester v. Dixon's Concrete Products,* 154 Ga. App. 239, 240 (267 SE2d 819) (1980). Thus, summary judgment in favor of the property owners was correct.

2. In view of our holding in Division 1, it is not necessary to decide appellant's other enumerations of error.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 9, 1981 —
REHEARING DENIED OCTOBER 23, 1981.

*Charles M. Voyles,* for appellant.
*David E. Allman,* for appellees.