70211. P & B CORPORATION OF AMERICA, LTD.
v. ONE 1983 BMW.

(333 SE2d 633)

McMurray, Presiding Judge.

This is an appeal from proceedings for the foreclosure of a mechanic's lien. The property at issue is a 1983 BMW 528e automobile. The vehicle was subject to an automobile lease agreement between The First National Bank of Atlanta, d/b/a First Atlanta Leasing (lessor/owner) and Jay Greenlees (lessee). During the term of the lease, the automobile was damaged in a collision and was sent to P & B Corporation of America, Ltd., d/b/a Richard's Custom Auto (plaintiff) for repairs. After the plaintiff completed repairs, it was not paid for its services and on August 16, 1984, it initiated proceedings in the Superior Court of Cobb County for the foreclosure of a lien against the automobile. The plaintiff's action was brought under OCGA § 40-3-54. After a full hearing the trial court held that "[a] valid mechanic's lien does not exist which can be asserted against the vehicle"; and, in a subsequent order the court ruled that "[t]o the extent that O.C.G.A. 40-3-54 (c) (4) requires this Court to make a determination that a valid debt does or does not exist in this case based upon the facts presented before the Court, the Court finds that a valid debt does not exist." From this ruling the plaintiff appeals. *Held*:

1. This case turns on the issue of whether a valid mechanic's lien exists which would authorize the plaintiff to foreclosure against the lessor/owner's automobile. OCGA § 40-3-54 (c) requires a valid debt to exist in order to sustain a mechanic's lien on a motor vehicle. For a valid debt to exist on a motor vehicle the work must have been done or the supplies furnished by a contract with the owner or by the authority of the owner. *Stephens v. Millirons Garage*, 109 Ga. App. 832, 834 (137 SE2d 563); *Wilkinson v. Townsend*, 96 Ga. App. 179 (99 SE2d 539). In the case sub judice, the trial court found that "[t]here [was] no indication that the owner authorized the lessee to act in the owner's behalf or that the owner acted in any way which would lead the plaintiff to believe that the owner would be obligated for his services." In light of this finding, which is authorized by the evidence, we find that a valid debt does not exist which would authorize the plaintiff to enforce a lien against the lessor's vehicle. See generally 5 ALR

4th 311; and, 61A CJS, Motor Vehicles, § 746.

2. In light of our holding in Division 1 of this opinion the issues raised in the plaintiff's remaining enumerations of error are moot.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 20, 1985 —
REHEARING DENIED JULY 12, 1985.

*Thomas D. Harper*, for appellant.
*Stephen J. Knezo*, for appellee.