75490, 75491. FIRST NATIONAL BANK OF ATLANTA
v. STROTHER FORD, INC. (two cases).
(366 SE2d 307)

BIRDSONG, Chief Judge.

This is an appeal both from an order of the State Court of Cobb

County granting appellee's motion for summary judgment on its foreclosure of mechanic's lien and from the order of said court denying appellant's personal property foreclosure.

Appellant, The First National Bank of Atlanta (hereinafter referred to as "bank") is the owner of a jeep-type motor vehicle which it had leased to one Wayne J. Keys. Mr. Keys took the vehicle to the appellee, Strother Ford, Inc. (hereinafter referred to as "mechanic") for repairs. The mechanic performed repairs in the amount of $2,780.84 on the jeep for which he has not been paid to date. Mr. Keys, the lessee, has apparently abandoned his contractual interest in the use of the jeep and currently owes the bank $14,486.19 on the leasing contract. Subsequent to the repair of the jeep, the mechanic contracted to sell the bulk of its assets to one Clancy (who now operates a business at the mechanic's old location under the name of Chuck Clancy Ford, Inc.). The jeep was left in storage with Chuck Clancy Ford who was acting as a bailee for the mechanic.

The bank and mechanic each has filed a separate action with respect to the jeep. The bank filed a personal property foreclosure petition, against Clancy, under the provisions of OCGA § 44-14-230 (b), and the mechanic entered a motion to intervene in this action which was granted. The mechanic then commenced an action to foreclose the mechanic's lien it was asserting under the provisions of OCGA § 40-3-54. The trial court held an evidentiary hearing on the merits of the bank's foreclosure petition. Thereafter, the trial court entered a final order and judgment denying and dismissing the bank's action for a writ of possession, finding that the mechanic had a valid and enforceable mechanic's lien on the jeep for the cost of the repairs. The mechanic then filed a motion for summary judgment in its companion case on the ground that the validity and enforceability of its mechanic's lien had been conclusively established by the final judgment against the bank in the personal property foreclosure suit. The trial court granted the mechanic's summary judgment motion and entered its judgment of foreclosure in favor of the mechanic.

Appellant has asserted eleven enumerated errors; however, the threshold question is whether a valid mechanic's lien attached to appellant's jeep under the facts and circumstances of this case.

According to statute, "[a]ll mechanics of every sort shall have a special lien on any vehicle required to have a certificate of title by Code Section 40-3-20 for work done, or for work done and materials furnished, or for materials furnished in repairing or servicing such vehicle. . . . Such special lien shall be superior to all liens except for taxes and such other liens and security interests of which the mechanic had actual or constructive notice before the work was done or material furnished." OCGA § 40-3-54. However, in order to sustain a mechanic's lien on a motor vehicle a valid debt must exist between

the owner of the vehicle and the claimant. See OCGA § 40-3-54 (c); *P & B Corp. of America v. One 1983 BMW,* 175 Ga. App. 462 (333 SE2d 633). For a valid debt to exist on a motor vehicle, within the meaning of OCGA § 40-3-54, *"the work must have been done* or the supplies furnished by a contract with the owner or *by the authority of the owner."* (Emphasis supplied.) *P & B Corp.* at p. 462. In this case it is clear that appellant is the owner of the jeep. Appellant's name is duly recorded on the vehicle's certificate of title as owner, and OCGA § 40-3-25 (c) provides that a certificate of title issued by the state revenue commissioner is prima facie evidence of the facts appearing thereon. Further, we are satisfied that appellee was placed on constructive notice of all facts contained in the certificate of title. Cf. *Williams v. State,* 164 Ga. App. 467, 468 (297 SE2d 373) (a security interest noted upon a motor vehicle's certificate of title gives constructive notice of its existence); *Franklin Fin. Co. v. Strother Ford,* 110 Ga. App. 365, 368 (138 SE2d 679), citing *Bank of Ringgold v. West Pub. Co.,* 61 Ga. App. 426, 428 (6 SE2d 598) (the object of the recording statutes is the constructive notice which is given to all the world as to the rights of the parties thereto).

The facts of this case show that no express contract for the jeep's repair existed between the bank and the mechanic. However, the mechanic asserts that the bank at least impliedly authorized the motor vehicle repairs ordered by the lessee, Mr. Keys, and thus is liable under the principles espoused by this court in *Columbus Square &c. Co. v. B & H Steel Co.,* 150 Ga. App. 774 (258 SE2d 600). In *Columbus Square,* a lien in rem upon certain real property was found valid where the tenant who contracted with the mechanic/materialman for repair of the premises was obligated by the leasing contract to make certain repairs to the premises and was given a construction allowance in the form of rent reduction to do so. This court held in *Columbus Square* that "it is not necessary that there be a contract between the landowner and the materialman to obtain a judgment in rem." Id. at 777. This court then concluded that "there was a *specific contract* for the improvements made prior to the commencement date of the lease [entered between the landlord and tenant]. . . . Thus, there need be no contract between the materialman and the true owner, but there must be a contract for material between the true owner and some person for erection of the improvements." (Emphasis supplied.) Id. at 777. The mechanic contends that the bank's leasing contract with the lessee, Mr. Keys, contained a specific contractual requirement for vehicle repairs which would make the bank's jeep subject to a lien in rem in accordance with our decision in *Columbus Square.* We are satisfied that our opinions in *P & B Corp.* and in *Columbus Square* are compatible. Further, we believe that the principles contained in the latter case are applicable to instances where mechanic's

liens are filed under OCGA § 40-3-54. Accordingly, we will examine the terms of the leasing contract which existed between the bank and its lessee to determine whether, within the meaning of *Columbus Square*, a specific contract for vehicle improvements existed. Subparagraph 8D of the lease contract expressly provides that: "[Lessee] is responsible for the maintenance, servicing and repair of the Vehicle in accordance with the manufacturer's recommendations and as necessary to maintain the Vehicle in conformity with the Standards for Wear and Use. [The bank is] not responsible for any maintenance or servicing of any kind whatsoever."

In our view this provision does not create the type of specific contractual requirement referred to in *Columbus Square*. Moreover, this case is distinguishable from *Columbus Square* in that the lease provisions contained the parties' agreement that the bank is *not* responsible for, and thus by implication not liable for, any type of maintenance whatsoever on the vehicle. Accordingly, we find that under the facts of this case there exists no "valid debt," as required by OCGA § 40-3-54 (c), as the evidence before this court does not establish that the repairs in question were "furnished by a contract with the owner or by the authority of the owner." *P & B Corp.*, supra. In reaching this conclusion, we have observed the well-established rule that, " 'as our lien laws and procedures are in derogation of the common law, they must be construed strictly *against the creditor* [lien claimant] and in favor of the debtor.' " *Dixie Concrete Svcs. v. Life Ins. Co. of Ga.*, 174 Ga. App. 866 (331 SE2d 889); *Ben Hill Ready &c. Co. v. Prather*, 160 Ga. App. 149 (1) (286 SE2d 481); *Rochester v. Dixon's Concrete Prods.*, 154 Ga. App. 239 (1) (267 SE2d 819).

Accordingly, this case is returned to the trial court to issue a writ of possession and to take such other action as is appropriate and consistent with the guidance contained in this opinion.

*Judgments reversed and cases remanded with direction. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 21, 1988 —
REHEARING DENIED FEBRUARY 23, 1988 —

*Stephen J. Knezo*, for appellant.
*Toby B. Prodgers*, for appellee.