*tant District Attorney*, for appellee.

75490, 75491. FIRST NATIONAL BANK OF ATLANTA v.
STROTHER FORD, INC. (two cases).
(374 SE2d 203)

BIRDSONG, Chief Judge.

This case initially came before us as an appeal from an order of the State Court of Cobb County granting appellee's motion for summary judgment on its foreclosure of a mechanic's lien and from the order of said court denying appellant's personal property foreclosure. In *First Nat. Bank v. Strother Ford*, 186 Ga. App. 16 (366 SE2d 307), we reversed the judgment of the trial court holding that there exists no "valid debt" as required by the mechanic's lien statute, OCGA § 40-3-54 (c), as the evidence did not establish that the repairs in question were " 'furnished by a contract with the owner or by the authority of the owner.' " Id. at 19. The Supreme Court on certiorari reversed our holding in this case, and opined that a mechanic's lien could be imposed upon a leased vehicle when the terms of the lease imposed upon the lessee a duty to maintain the vehicle, as the responsibility to maintain the automobile inherently entails the authority to contract for necessary repairs. *Strother Ford v. First Nat. Bank*, 258 Ga. 319 (368 SE2d 489). On July 11, 1988, we issued an opinion in this case remitting it to the trial court with the trial court's judgment affirmed. On July 21, 1988, appellant filed a motion for rehearing. That motion is granted and our opinion of July 11, 1988, is substituted. The facts of this case are recited in our original opinion. *First Nat. Bank v. Strother Ford*, supra. *Held*:

1. Appellant asserts that it has a valid and enforceable security interest in the vehicle, which is superior to the appellee's claimed mechanic's lien. OCGA § 40-3-54 (a) pertinently provides that "[s]uch special [mechanics'] lien shall be superior to all liens except for . . . security interests of which the mechanic had actual or constructive notice before the work was done [and the] material furnished." Compare *General Elec. Credit Corp. &c. v. Capital Ford Truck Sales*, 164 Ga. App. 468 (298 SE2d 159) with *Atlanta Truck Svc. v. Assoc. &c. Corp.*, 146 Ga. App. 170 (2) (246 SE2d 2).

At the time of the alleged repairs and thereafter, appellant was the holder of a certificate of title on the subject vehicle denominating it as the owner thereof. Appellant maintains, relying upon *In re Load-It*, 774 F2d 1077 (CA 11th 1985), that it had thus acquired an adequately perfected security interest, "by issuance of a [motor vehicle] title certificate denominating the lessor [appellant] as owner."

"A 'security interest holder' in a motor vehicle is a 'holder of an

*interest* in a vehicle reserved or created by agreement and which secures payment or performance of an obligation.'" *Wooten v. G. M. H. Auto Sales,* 187 Ga. App. 331, 333 (370 SE2d 165); OCGA § 40-3-2 (15); see also OCGA § 11-9-105 (m). A " 'security interest' " in a motor vehicle, and within the meaning of the Motor Vehicle Certificate of Title Act, is "an interest in a vehicle reserved or created by agreement which secures the payment or performance of an obligation, such as a conditional sales contract, chattel mortgage . . . and the like. *This term includes the interest of a lessor under a lease intended as security.*" (Emphasis supplied.) OCGA § 40-3-2 (14); see OCGA § 11-9-102 (2). Thus, mere holding of title as a lessor of a leased motor vehicle does not give rise to a security interest therein, unless the interest arose under a lease intended as security. *Woods v. Gen. Elec. &c. Lease,* 187 Ga. App. 57 (1) (369 SE2d 334).

We believe that *In re Load-It,* supra, correctly interprets the law of this state in those situations where the lessor is recorded as the vehicle owner on the certificate of title of a motor vehicle that is leased under a lease agreement *intended as security.* Accordingly, we must determine whether the lease agreement in this case is in fact a disguised security transaction or a classic lease.

Whether a lease is intended as a security is to be determined by an analysis of the lease terms in each particular case. *Woods,* supra at 58; *Mejia v. C & S Bank,* 175 Ga. App. 80, 81 (332 SE2d 170). Considering the factors found relevant in *Woods, Mejia* and *Ford Motor Credit Co. v. Dowdy,* 159 Ga. App. 666 (284 SE2d 679), we conclude that the lease in the case sub judice was not intended as security. Among those matters considered is the fact that the end of lease option price is neither a substantially reduced or nominal price, rather it mirrors the estimated end of term wholesale value of the vehicle of $5,850. Further, in Item 8G of the agreement, the parties have left blank that portion of the clause wherein the lessor could have listed the type of security interest reserved and retained in the leased property. This omission clearly is consistent with an intent of the contracting parties that no such security interest was to be reserved.

We find that this case is distinguishable from the operative facts of *In re Load-It,* and conclude that appellant was not a secured party and did not possess any security interest within the meaning of either OCGA §§ 11-9-105 (m) and 40-3-2 (14). Accordingly, the trial court did not err in its order filed January 20, 1987, when it found that "the BANK is the owner of the vehicle. It is not the holder of any security interest superior to that of STROTHER's mechanic's lien."

2. Appellant, having entered a classic lease agreement not intended as a security, is deemed to have initiated its personal property foreclosure action pursuant to the authority of OCGA § 44-14-230 (b) (2). Appellant's status in this type of proceedings is not that of a se-

cured party per se, but rather is that of one treated like a secured party for a very limited purpose. OCGA § 44-14-230 (b) (3) pertinently provides that "[s]olely for the purpose of applying the procedures specified by this part to rental transactions *and not for any other purposes*, the owner of the property shall be considered to be a secured party and the rented or leased property shall be considered to be secured property." (Emphasis supplied.) Thus, appellant, merely by initiating a foreclosure action under OCGA § 44-14-230 (b), did not thereby acquire any status as a secured party for purposes of obtaining a priority over the holder of a prior validly perfected mechanic's lien. Moreover, in view of the holding of the Supreme Court, *Strother Ford*, supra at 319, together with the provisions of OCGA § 40-3-54 authorizing that "[t]he (mechanics') lien may be perfected by retention of the vehicle," we are satisfied that the facts of this case support the trial court's finding that "STROTHER holds a valid and enforceable mechanic's lien." For reasons hereinafter discussed, we also find that Strother did not relinquish possession of the vehicle, in any manner that would terminate its mechanic's lien.

3. Appellant argues that the trial court committed error by failing to conduct a "full hearing on the validity of the debt" as required by OCGA § 40-3-54 (4).

In view of the holding of the Supreme Court, *Strother Ford*, supra at 319, we are satisfied that the facts of record support the trial court's finding in the foreclosure action that a valid and enforceable mechanic's lien existed in the amount of $2,730.84. This determination inherently included the determination that a "valid debt" existed in the same amount within the meaning of OCGA § 40-3-54.

The record also reflects that appellant petitioned for a probable cause hearing, under OCGA § 40-3-54 (c) (2) and (3). The hearing was held on November 24, 1986, with the consent of all parties. This hearing involved Strother's motion to intervene in the bank's foreclosure action, a probable cause hearing on Strother's mechanic's lien action, and a hearing on the bank's foreclosure action. During the hearing, the parties entered several stipulations, including stipulations that the bank was owner of the vehicle, Strother repaired the vehicle, and the repairs were in the amount of $2,730.84. Following the hearing, the trial court took the issues under advisement, and directed the bank and Strother to submit their letter briefs by December 5, 1986, and December 12, 1986, respectively. On January 20, 1987, the trial court issued its order and judgment, which pertinently ruled in favor of appellee Strother "on the 'reasonable cause' question." On Monday, January 26, 1987, appellant filed its petition for final hearing under the provisions of OCGA § 40-3-54 (c) (4).

OCGA § 40-3-54 (c) (4) expressly provides that "[w]ithin five days of the probable cause *hearing*, a defendant *must* petition the

court for a full hearing on the validity of the debt if a further determination of the validity of the debt is desired. If no such petition is filed, the lien on the amount determined reasonably due shall be conclusively deemed a valid one and foreclosure thereof allowed." (Emphasis supplied.) This statute requires that the petition be made within five days of the *hearing* and makes no provision for the late filing of a petition after receipt of a delayed ruling. Whatever period of time a hearing might encompass, it does not include that period of time after all evidence has been introduced when the trial judge has taken the litigated issues under advisement. Accordingly, appellant's petition for a "full hearing" under OCGA § 40-3-54 (c) (4) was not timely filed and his right to such a hearing was therefore waived; and, the trial court's determination as to the existence of a valid mechanic's lien in favor of Strother in the amount of $2,730.84 became conclusive by operation of law.

Moreover, assuming error had occurred in failing to provide appellant with a "full hearing" under OCGA § 40-3-54 (c) (4), we are satisfied, beyond a reasonable doubt, based on the *current* posture of the record that any such failure, albeit involving a potential issue of procedural due process, was harmless. See *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38), cert. den.; *LaRue v. State*, 137 Ga. App. 762 (2) (224 SE2d 837).

Accordingly, we find appellant's assertion to be without merit. In the future the harsh effects of the statute can be avoided, in the absence of legislative modification, by timely petitioning for a "full hearing" within five days of the conclusion of the "probable cause" hearing, and without awaiting the issuance of a ruling as to matters taken under advisement by the trial court.

4. Appellant asserts that the trial court erred in finding that Strother had not released possession of the vehicle, thereby extinguishing its mechanic's lien, when it left it at the business of Chuck Clancy Ford, Inc.

The vehicle was taken to appellee Strother for repairs by the lessee. When the repair bill was not paid, appellee asserted its mechanic's lien "by retention of the vehicle." See generally OCGA § 40-3-54 (a). Thereafter, the major assets of Strother Ford were sold to Chuck Clancy Ford. Those assets being sold were so stipulated in a contract of sale and did not include the sale of certain vehicles including the vehicle in question. In fact, the vehicle was identified "as being one of [Strother's] vehicles as of a mechanic's lien." After the sale, Strother Ford stored the vehicle on the same premises. Harvey Strother owned this premises and leased it to Chuck Clancy Ford. Chuck Clancy Ford has never asserted any claim as to ownership or any other kind of interest in the vehicle, and has never disputed Strother's control over the vehicle. Both Strother and Chuck Clancy

Ford consented to the continued storage of the vehicle on the premises. The parties stipulated that the vehicle remained at the same location during these transactions that deal with it.

OCGA § 40-3-54 (a) provides that a mechanic's lien can be asserted by retention of the vehicle; it is silent, however, regarding the effect of any subsequent relinquishment of possession of the liened property by the lienholder. This appears to present an issue of first impression.

A lien asserted under the authority of OCGA § 40-3-54 is a statutory mechanic's lien; however, when the lien is perfected by the mechanic's retention of the vehicle, it becomes a statutory lien whose vitality is dependent on the continuation of that retention. As a general rule of law, a statutory lien dependent on possession "is waived or lost by the lienholder voluntarily and *unconditionally* parting with possession or control of the property to which it attaches." (Emphasis supplied.) 53 CJS, Liens, § 22; 51 AmJur2d, Liens, §§ 21, 42. However, "[t]he lien is not waived or destroyed . . . except as to third persons, where there is an intention to preserve the lien, the lienholder only conditionally parting with the property . . . or where [the lienholder] delivers [the property] to an agent, servant or trustee to hold for his benefit and subject to his lien." 53 CJS, Liens, § 22.

Pretermitting the question of whether Chuck Clancy Ford exercised some right of possession over the vehicle as a depository bailee of appellee Strother or merely some right of custody thereover, see generally, 8 AmJur2d, Bailments, §§ 79 and 81, is the question of whether appellee Strother unconditionally parted with its possession of the vehicle by its conduct.

In the case sub judice, appellee Strother at most only *conditionally* parted with possession of the vehicle for the purposes of providing for its continued storage as property subject to lien. Both Chuck Clancy Ford and appellee Strother consented to such a storage arrangement and thereafter conducted themselves toward the property in a manner consistent therewith. Accordingly, we find that appellee Strother neither lost nor waived its lien as it did not unconditionally part with possession or control of the lien property.

Moreover, we are satisfied that under the existing circumstances, appellee Strother has substantially complied with the requirements of OCGA § 40-3-54. OCGA § 1-3-1 (c).

Appellant's other assertions of error are without merit.

Accordingly, we remit the case below with the trial court's judgment affirmed.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 11, 1988 —
REHEARING DENIED OCTOBER 13, 1988.

*Stephen J. Knezo*, for appellant.
*Toby B. Prodgers*, for appellee.