[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14396
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-03249-RWS

LAFARGE BUILDING MATERIALS, INC.,

Plaintiff-Appellee,

versus

FEDERAL INSURANCE COMPANY,
CLEVELAND CONSTRUCTION, INC.,

Defendants -Third Party Plaintiffs-
Appellants,

THE PEOPLES BANK, et. al.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 27, 2013)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Defendants Cleveland Construction, Inc. ("CCI"), a general contractor, and Federal Insurance Company ("Federal Insurance"), its surety, appeal the district court's final judgment of $87,855.64 in favor of Plaintiff Lafarge Building Materials, Inc. ("Lafarge"), a supplier of rock and concrete. After review, we affirm.

Defendant CCI was the general contractor on two construction projects, a Wal-Mart store and the Chamblee Village Retail Shops ("the property"). Plaintiff Lafarge furnished materials, such as rock and concrete mix, to Michael B. Cline d/b/a/ Clinecrete ("Clinecrete"), a concrete subcontractor. When Clinecrete failed and refused to pay, Plaintiff Lafarge filed two materialman's liens against the property. Defendant Federal Insurance, as surety, issued two bonds which released and bonded off Lefarge's liens. Specifically, Defendant Federal Insurance's bonds provided that (1) Defendants CCI and Federal Insurance "are held firmly bound unto Lefarge Building Materials, Inc., herein after known as Claimant in the sum"

2

of $134,999.02 and $51,439.02; (2) that CCI entered into a contract with Clinecrete and Clinecrete entered into a contract with Claimant Lafarge; (3) that "Claimant has filed a mechanics' lien in the amount of $67,499.51" and another mechanic's lien for $25,719.51 against certain property; (4) that the correctness of these claims is disputed; (5) the liens are released in accordance with Georgia law; and (6) that if CCI pays or causes to be paid the sums which the Claimant may recover on these claims, together with the cost of suit in a timely filed action, then this obligation to pay "shall be voided; otherwise it shall remain in full force and effect." In other words, Claimant Lefarge's liens were released on the express condition that CCI and Federal Insurance would pay the sums Lefarge recovered in a timely filed lawsuit on these claims against Clinecrete if those sums were not paid by Clinecrete.

## I. STATE COURT LAWSUIT

In March 2007, before the present federal lawsuit commenced, Plaintiff Lafarge, as the materialman, timely filed a lawsuit against Clinecrete, the subcontractor, in state court to recover the unpaid amounts and perfect its claims of lien. After Clinecrete failed to respond to Plaintiffs Lafarge's motion for summary judgment, the state court entered final judgment against Clinecrete on March 23, 2009. Among other things, the state court's judgment awarded Plaintiff Lafarge the principal sums of $67,189.51 and $25,719.51 (totaling $92,909.20) "for

3

building materials purchased on open account by Defendant [Clinecrete] from Plaintiff [Lafarge] and incorporated into improvements constructed on the property commonly known as Chamblee Village Shops/Chamblee Tucker Road, Dekalb County, Georgia."

After the final judgment against Clinecrete (which included the sums totaling $92,909.02), Plaintiff Lafarge made claims for payment of those sums under the bonds, but Defendants refused payment.

## II.  FEDERAL COURT LAWSUIT

Plaintiff Lafarge then filed this federal civil action against Defendants CCI and Federal Insurance. [1]  Plaintiff Lafarge seeks to recover under the bonds for the unpaid sums totaling $92,909.02 awarded by the state court's final judgment, plus attorney's fees and costs.

On June 29, 2012, the district court entered an order ruling on Plaintiff Lafarge's motion for partial summary judgment.  The district court first concluded, as a matter of law, that the state court's final judgment of $92,909.02 against subcontractor Clinecrete "conclusively establishes the value of materials that Plaintiff [Lafarge] delivered to the Property and that the materials were incorporated into the improvements thereon."

---

[1]Plaintiff Lafarge originally filed this action in Fulton County Superior Court, but the Defendants CCI and Federal Insurance removed the action to federal court on the basis of diversity of citizenship.

The district court, however, found there was a genuine issue of material fact as to whether the full amount of $92,909.02 should be offset by two waivers of the rights to lien executed by Plaintiff Lafarge. After mediation, the parties reached an agreement as to the offset amount, and Plaintiff Lafarge dismissed its remaining claim (for bad faith). The district court then entered an order incorporating its June 29, 2012 summary judgment order and entering final judgment for Plaintiff Lafarge in the amount of $87,855.64 after the offset. This appeal challenging the district court's June 29, 2012 summary judgment order followed.[2]

### III.  DISCUSSION

#### A.    Materialman's Liens

Under Georgia law, materialmen who furnish material to a subcontractor have a "special lien" on the property "for which they furnish labor, services, or materials." O.C.G.A. § 44-14-361(a)(2). When a property owner obtains a release bond for a materialman's lien, "the bond stands in the place of the real property as security for the lien claimant." Few v. Capitol Materials, Inc., 274 Ga. 784, 786, 559 S.E.2d 429, 430 (2002). In these circumstances, the materialman "must still comply with the statutory requirements for perfecting the lien," except for the

---

[2]The Defendants appeal the district court's June 29, 2012 interlocutory order denying summary judgment, which "merged into the final judgment and is open to review on appeal from that judgment." Aaro, Inc. v. Daewoo Int'l (America) Corp., 755 F.2d 1398, 1400 (11th Cir. 1985). We review a district court's summary judgment ruling de novo, drawing all inferences and construing the evidence in the light most favorable to the non-moving party. Craig v. Floyd County, Ga., 643 F.3d 1306, 1309 (11th Cir. 2011).

notice of suit requirement, and "the principal and the surety on the bond are entitled to raise any defense that would have been available as a defense to the lien foreclosure." Id., 559 S.E.2d at 430-31.[3]

Additionally, the materialman "must first seek to recover monies owed from the contractor, the party with whom it has a contract, before seeking to recover from the property owner, with whom the supplier has no contractual relationship." Id. "It is in [this] antecedent suit against the contractor that the adjudication is made as to items furnished and the amount due with respect to a particular contract." Tri-State Culvert Mfg., Inc. v. Crum, 139 Ga. App. 448, 449, 228 S.E.2d 403, 405-06 (1976) (quotation marks omitted). More importantly, the judgment the materialman obtains against the contractor "is not conclusive against the (property owner), but it does establish prima facie that the (materialman) has a valid claim against the (contractor) for the amount of the judgment." Id. at 450, 228 S.E.2d at 406. Thus, if there is proof of a judgment against the contractor, "[t]he burden is upon the (owner) to introduce evidence sufficient to rebut the correctness of the judgment." Id. Moreover, "[t]his rule applies to litigated cases against the (contractor) and . . . to judgments rendered against him by default." Id. (quotation marks omitted).

## B.    Analysis of this Case

[3]The parties do not dispute that Plaintiff Lafarge complied with the statutory lien requirements.

Here, Plaintiff Lafarge first obtained a state court judgment for $92,909.02 against the party with whom it had a contract—subcontractor, Clinecrete.  Plaintiff Lefarge then submitted that state court judgment to the district court.  And, the district court properly applied the rebuttable presumption in Tri-State Culvert to conclude that Plaintiff Lafarge's judgment was prima facie evidence that Plaintiff Lafarge furnished materials in the amount of $67,189.51 and $25,719.51 (totaling $92,909.02) that were "incorporated into improvements constructed on the property."[4]  Further, the Defendants CCI and Federal Insurance did not present any evidence to rebut the correctness of Plaintiff Lafarge's state court judgment against Clinecrete.

Contrary to the Defendants' contention, Plaintiff Lafarge did not rely on the affidavit of Linda Bobo, Lafarge's Lien and Legal Manager, to show it supplied over $92,000 in materials that were incorporated into the property.  Further, as the district court explained, any alleged infirmities in Bobo's testimony about the materials supplied or the amounts due are immaterial in light of the undisputed

---

[4]In the district court, the Defendants agreed with Plaintiff Lafarge that Tri-State Culvert is "analogous to the facts of this case," and that under Tri-State Culvert, "the judgment creates this prima facie case and then the burden is on us to rebut the presumption."  Accordingly, we do not address the Defendants' argument, raised for the first time on appeal, that Tri-State Culvert's rebuttable presumption does not apply.  See Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1249-50 (11th Cir. 2012) ("It is well-settled that we will generally refuse to consider arguments raised for the first time on appeal.").

state court final judgment against Clinecrete.[5]  Once Plaintiff Lafarge produced

that state court judgment, the burden shifted to the Defendants to produce some

evidence from which a jury could conclude that the judgment was incorrect, such

as, for example, evidence that Lafarge's materials were not in fact delivered to the

construction site or were not actually incorporated into the property.  Compare Tri-

State Culvert, 139 Ga. App. at 450, 228 S.E.2d at 450 (concluding that owner's

cross-examination of materialman's general manager established that the

underlying judgment against the subcontractor corporation was incorrect because

the account was opened in the name of two individuals rather than the

subcontractor corporation); see also Kelly v. Pierce Roofing Co., 220 Ga. App.

391, 393, 469 S.E.2d 469, 472 (1996) (concluding that, under Tri-State Culvert,

materialman's default judgment operated as an admission of the truth of the

allegation that the materialman completed the work and therefore the materialman

was entitled to summary judgment because the property owner failed "to come

forward and point to specific evidence" to defeat summary judgment).

---

[5]The Defendants argue that Bobo's affidavit is insufficient as a matter of law because she had no personal knowledge of the amounts Clinecrete owed Lafarge or whether the materials associated with Clinecrete's open account were delivered to or incorporated into the property. The Defendants contend that Plaintiff Lafarge needed to produce testimony from workers who loaded the materials, the driver who delivered them to the site, and Clinecrete's agent who received them. As discussed above, under the rule in Tri-State Culvert, once Plaintiff Lafarge produced the state court judgment against Clinecrete, it was the Defendants' burden to produce this sort of evidence. Moreover, given Bobo's tacit admission that she had no personal knowledge of whether Lafarge's materials actually were delivered to the construction site and incorporated into the property, the Defendants cannot use her deposition testimony to rebut the presumption that the state court judgment is correct.

8

Because the Defendants did not present the requisite type of evidence, the presumption of correctness remained unrebutted. Thus, as the district court concluded, Plaintiff Lafarge's state court judgment "conclusively establishe[d] the value of materials that Plaintiff delivered to the Property and that the materials were incorporated into the improvements thereon."

The Defendants point to a joint check in the amount of $65,556.84 that Defendant CCI issued payable jointly to subcontractor Clinecrete and Plaintiff Lafarge. A CCI employee, David Sawicki, testified that after he sent the joint check to Lafarge, one of Lafarge's employees told him that she had learned that "the check was turned back over to the subcontractors." However, as the district court noted, the check is virtually illegible, and the Defendants do not dispute that Plaintiff Lafarge did not endorse or deposit the check.[6] Further, the Defendants did not present any evidence that Plaintiff Lafarge received any of the joint check's proceeds. Under these circumstances here, the joint check and Sawicki's testimony do not rebut the correctness of the state court judgment against Clinecrete or create a jury question as to the amount the Defendants owed to Plaintiff Lefarge under the plain language of the bonds. Thus, this evidence did

---

[6]Indeed, the Defendants asserted in a third-party complaint against the FDIC that the joint check was deposited into Clinecrete's bank account without Plaintiff Lafarge's endorsement. The Defendants later dismissed this third-party complaint.

9

not create a genuine issue of material fact as to the amount Plaintiff Lafarge has already been paid pursuant to its claims.

For all these reasons, we find no reversible error in the district court's June 29, 2012 summary judgment order and affirm the district court's final judgment in favor of Plaintiff Lafarge in the amount of $87,855.64 and against the Defendants.

**AFFIRMED.**