A92A0217. ATLANTIC STEEL CREDIT UNION v. SHEPHARD.
(419 SE2d 132)

ANDREWS, Judge.

Atlantic Steel Credit Union (ASCU) sought to foreclose on its security interest in Shephard's automobile and obtain possession of the vehicle. See OCGA § 44-14-230 et seq. Shephard did not contest the foreclosure. The trial court ruled that ASCU was entitled to the foreclosure and possession of the vehicle, subject to satisfaction of an abandoned motor vehicle lien acquired by Jenkins Towing, Inc. (Jenkins) pursuant to OCGA § 40-11-1 et seq. On appeal, ASCU contends that its right to foreclosure on and possession of the vehicle was not subject to the abandoned motor vehicle lien.

When Shephard was arrested on May 30, 1990, his vehicle was impounded for police inspection and towed and taken into possession by Jenkins under its contract with DeKalb County. OCGA § 40-11-2 (d) required Jenkins "within seven calendar days of the day such motor vehicle was removed, [to] notify the owner and any security interest holder or lienholder, if known, by certified or registered mail of the location of such motor vehicle, the fees connected with removal and storage of such motor vehicle, and the fact that such motor vehicle will be deemed abandoned . . . unless the owner, security interest holder, or lienholder redeems such motor vehicle within 30 days of the day such vehicle was removed." Having been furnished with Shephard's name and address on the scene, Jenkins notified Shephard as required, but the identity and interest of ASCU was not disclosed to Jenkins and it received no notice at that time.

After the vehicle remained in Jenkins' storage facility over 30

days from its impoundment without the owner making a claim to it, it became an abandoned vehicle as defined by OCGA § 40-11-1 (1) (C), and Jenkins was obligated under OCGA § 40-11-2 (e) to give notice of its present location to the Department of Revenue and the Georgia Bureau of Investigation, and request the name and address of all owners, lessors, security interest holders and lienholder of the vehicle. The proper forms were submitted by Jenkins, and on August 10, 1990, Jenkins received the information from the Department of Motor Vehicles that ASCU had a first lien security interest in the vehicle. The same day Jenkins sent certified notice to ASCU pursuant to OCGA § 40-11-2 (f) advising it of the vehicle's location and that it was deemed to be abandoned and would be disposed of if not redeemed. After ASCU contacted Jenkins to arrange to take possession of the vehicle and learned that towing and storage charges were due, it filed an action to foreclose on its security interest in the vehicle on September 27, 1990, sending a copy of the petition to Jenkins. Shortly thereafter Jenkins filed an affidavit to foreclose its lien for removal and storage costs on the abandoned vehicle pursuant to OCGA § 40-11-5, citing compliance with the notice requirements of OCGA § 40-11-2, and showing that its demand for payment pursuant to OCGA § 40-11-5 (2) had been refused.

ASCU's application to foreclose was approved by the trial court, but on rehearing Jenkins' motion for new trial, or to set aside the judgment, was granted on the basis of its lien rights under the Act. The court consolidated both foreclosure petitions for new trial, and ruled that ASCU could obtain possession of the vehicle upon complying with OCGA § 40-11-5 (9) by paying into the registry of the court $1,160 owed to Jenkins for towing and storage. ASCU complied and took possession of the vehicle. Upon retrial, the court reviewed the evidence and also received new evidence of the actions taken by Jenkins in conformity with OCGA § 40-11-1 et seq. On March 12, 1991, the court entered an order ruling that Jenkins was entitled to foreclose its lien under the Act and recover the $1,160 held in the registry of the court, and that, subject to satisfaction of Jenkins' lien, ASCU was entitled to foreclosure and possession of the vehicle pursuant to its secured interest.

1. ASCU's contention that the trial court incorrectly found the vehicle to be an abandoned automobile is without merit. The vehicle was lawfully impounded by an arresting police officer who requested that Jenkins tow it, and the vehicle remained on Jenkins' property in excess of 30 days. OCGA §§ 40-11-1; 40-11-2. Once the requirements of OCGA § 40-11-2 have been complied with, under OCGA § 40-11-4 (a) Jenkins acquired a valid lien for all reasonable fees connected with removal or storage of the abandoned vehicle. See *Gearing v. Complete Wrecker Svc.*, 187 Ga. App. 242 (2) (370 SE2d 9) (1988).

There is no evidence that Jenkins failed to take the necessary steps under OCGA § 40-11-1 et seq. to acquire and foreclose on its lien. OCGA § 40-11-5 (9) sets forth the procedure applicable to foreclosure of an abandoned motor vehicle lien where the holder of a security interest in the vehicle asserts its interest. "[T]he holder of a security interest in or a lien on the vehicle, other than the holder of a lien created by Code Section 40-11-4, shall have the right, in the order of priority of such security interest or lien, to pay the debt and court costs. If the holder of a security interest or lien does so pay the debt and court costs, he shall have the right to possession of the vehicle, and his security interest in or lien on such vehicle shall be increased by the amount so paid." OCGA § 40-11-5 (9). The trial court properly ruled that ASCU's right to possession of the vehicle was subject to payment of Jenkins' lien.

2. ASCU's assertion that the trial court erred in consolidating the foreclosure applications because its case was filed first and should have been heard first is not supported by argument or citation of authority and thus must be deemed abandoned under Rule 15 (c) (2) of this court. *Roth v. Wu,* 199 Ga. App. 665, 666 (405 SE2d 741) (1991).

3. Arguments regarding constitutional issues which were not raised or ruled on below will not be considered on appeal. *Grice v. State,* 199 Ga. App. 829 (406 SE2d 262) (1991).

*Judgment affirmed. Birdsong, P. J., and Beasley. J., concur.*

DECIDED MAY 20, 1992.

*James B. Drew, Jr.,* for appellant.
*Freed, Lester & Freed, William R. Lester,* for appellee.