## A96A0639. FIRST NATIONAL BANK OF GAINESVILLE v. ALVIN WORLEY & SONS, INC.
### (472 SE2d 568)

Judge Harold R. Banke.

First National Bank of Gainesville ("First National") financed Mr. Sloan's purchase of a Chevrolet pickup and retained a purchase money security interest, which it perfected by recording its lien-holder status on the truck's certificate of title. Sloan's agreement with First National required him to pay any storage bills on the vehicle. When Sloan later wrecked the truck, either he or a law enforcement officer requested Alvin Worley & Sons ("Worley") to tow it to its repair shop. Sloan never arranged to reclaim his truck and stopped paying the loan. Approximately three months after Worley towed the truck, First National declared the loan in default. When Worley refused to surrender the truck unless First National paid all accrued storage charges, the bank brought this action seeking possession of the truck. Worley counterclaimed for storage costs. After a bench trial, the lower court allowed First National to take possession of the truck but also ordered the bank to pay Worley for the towing and storage costs. Although neither party contests that part of the judgment granting First National possession of the truck, the bank appeals the trial court's ruling holding it responsible for the towing and storage costs. *Held*:

1. By complying with the Abandoned Motor Vehicles Act, a storage facility may require a lienholder to pay its costs of storing an abandoned vehicle prior to giving the lienholder possession. OCGA §§ 40-11-4; 40-11-5 (9). But because Worley admittedly did not comply with the notice provisions of this law, he cannot take advantage of this statute. OCGA § 40-11-2; see *Atlantic Steel Credit Union v. Shephard*, 204 Ga. App. 297 (1) (419 SE2d 132) (1992).

2. The bank was not a party to Sloan's agreement with Worley. The trial court found that Sloan acted as First National's agent when he incurred these charges. But no evidence supports any finding that First National agreed, for itself or through any agent, to pay these charges. Sloan's wife phoned First National the day after the accident to inform the bank of the collision and of the fact that the truck had been towed to Worley's. In May, after Sloan defaulted, a bank employee contacted Worley and was told over $700 in towing and storage fees were owed on the truck. Worley then faxed a copy of the bill to the bank at the employee's request.

These facts show no agency relationship between Sloan or his wife and First National. " ' "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." ' " *Thurmond v. Bd. of Commrs. of Hall County*,

174 Ga. App. 570, 571 (2) (330 SE2d 787) (1985). "Where the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he [or she] was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such agency exists." (Citations and punctuation omitted). *Holcomb v. Commercial Credit Svcs. Corp.*, 180 Ga. App. 451, 452 (1) (349 SE2d 523) (1986). Therefore, First National may not be held responsible for these expenses as the principal of Mr. or Mrs. Sloan.

3. Worley's constructive knowledge of First National's properly recorded priority lien defeats any claim it makes on the basis of "unjust enrichment" or quantum meruit. See OCGA § 40-3-54 (a); *Hull v. Transport Acceptance Corp.*, 177 Ga. App. 875, 876-877 (341 SE2d 330) (1986); *Barnes v. Gen. Motors Acceptance Corp.*, 191 Ga. App. 201, 202-203 (3) (381 SE2d 146) (1989); see *Washington Employees Credit Union v. Robinson*, 206 Ga. App. 782, 784 (3) (427 SE2d 15) (1992).

Because no evidence supports any legal theory which would hold First National responsible for these charges, Worley's counterclaim fails. We affirm the trial court's grant to First National of the writ of possession but reverse that portion of the judgment requiring First National to pay the expenses claimed by Worley. The trial court is directed to enter judgment against Worley on its counterclaim.

*Judgment affirmed in part, reversed in part, and remanded with direction. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 21, 1996.

*Mottern & Van Gelderen, Leon A. Van Gelderen*, for appellant. *John O. Wiggins*, for appellee.