## S98A1061. RANDOLPH COUNTY v. BANTZ.
(508 SE2d 169)

CARLEY, Justice.

Linda Bantz is the Chief Magistrate of the Magistrate Court of Randolph County, and also serves as the clerk of that court. She filed a mandamus petition, seeking to compel the Board of Commissioners of Randolph County to pay her additional compensation for her service as the court clerk. The claim was based upon OCGA § 15-10-105 (d), which provides that, if the chief or other magistrate performs the duties of clerk, he or she shall receive additional compensation in an amount to "be fixed by the county governing authority at not less

---

than $200.00 per month." Randolph County answered, relying upon subsection (a) of OCGA § 15-10-105, which provides that subsection (d) is applicable only in the absence of a local law providing for the selection and compensation of the clerk of magistrate court. According to Randolph County, Section 6 of Ga. L. 1984, pp. 3638, 3640 was such a local law which rendered OCGA § 15-10-105 (d) inapplicable. However, the trial court held that Chief Magistrate Bantz was entitled to additional compensation pursuant to subsection (d) of OCGA § 15-10-105, and Randolph County appeals.

Section 6 of the 1984 local legislation provides that "[t]he governing authority of Randolph County may provide for the selection of a clerk for the magistrate court and shall provide the amount of compensation for the person so selected." The word "may" ordinarily denotes permission. OCGA § 1-3-3 (10). Thus, the General Assembly clearly has conferred on Randolph County the discretion to select a clerk for the magistrate court and to set the salary of the individual selected for that position. Because Randolph County has not exercised the discretion granted to it by Section 6 of the 1984 local act, however, there is no salaried clerk of the magistrate court. It is this failure of Randolph County to exercise the discretionary authority granted under the local act which compels Chief Magistrate Bantz's performance of the additional duties of clerk of the court. Thus, under Randolph County's interpretation of OCGA § 15-10-105, it is not obligated to pay Chief Magistrate Bantz any additional compensation for her extra service as the clerk of the magistrate court, because of the mere existence of its unexercised discretionary authority under the local act.

In construing a statute, the courts must "try to effectuate the intent of the legislature as discerned from the act as a whole. [Cits.]" *Meinken v. Burgess*, 262 Ga. 863, 865 (2) (426 SE2d 876) (1993). The intent of the General Assembly will control over the literal meaning of those terms which appear in the statute. *New Amsterdam Cas. Co. v. Freeland*, 216 Ga. 491, 495 (117 SE2d 538) (1960). "[W]here a law is susceptible of more than one construction, it must be given that construction which is most equitable and just. [Cit.]" *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, 468 (1) (62 SE2d 209) (1950). Literally, there may be no absence of local legislation providing for the selection and compensation of a clerk for the magistrate court, but the construction of OCGA § 15-10-105 advanced by Randolph County is neither equitable nor just. Under that construction, Randolph County, simply by withholding the exercise of its discretionary authority under the local act, can obtain the benefit of Chief Magistrate Bantz's additional service as clerk of the magistrate court, but incur no obligation to pay her any additional compensation for the performance of those added duties. In accordance with the applicable

rules of statutory construction, we find that the legislative intent underlying OCGA § 15-10-105 is to confer upon every magistrate court in this state the administrative assistance of a clerk and to insure that whoever performs those administrative duties receive compensation therefor. No county can benefit from a clerk's performance of administrative duties on behalf of the magistrate court without being responsible for compensating the individual who performs those duties. Thus, where, as here, a county has the power to select and to set the pay of the clerk of the magistrate court, subsection (a) of OCGA § 15-10-105 predicates the inapplicability of subsection (d) upon the absence of a county's actual exercise of that authority granted by the local legislation. The mere existence of local legislation providing for the selection and compensation of the clerk is not such an absence of local legislation as will bar a magistrate, who is required also to serve as clerk, from receiving compensation for the performance of those additional duties. Under the proper construction of OCGA § 15-10-105, Chief Magistrate Bantz was entitled to additional compensation for serving as clerk and the trial court did not err in issuing the writ of mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1998.

*Bowles & Bowles, Jesse G. Bowles III,* for appellant.
*Eugene C. Black, Jr.,* for appellee.