### A00A1311. A TOW, INC. v. WILLIAMS.
(538 SE2d 542)

MILLER, Judge.

At the request of police who thought the vehicle might be evidence in a hit-and-run matter, A Tow, Inc. ("ATI") in February 1997 towed Monique Williams's car from her apartment complex parking

---

lot and complied with the police instruction to "hold" the vehicle as evidence. Even though ATI knew Williams's correct name and address from the police impound ticket, it sent the notice required by OCGA § 40-11-2 (d)[1] to a nonexistent William S. Monique at a nonexistent apartment number, receiving the letter back as "refused [or] unclaimed" and "no such number." In early April the Department of Motor Vehicles ("DMV") again informed ATI of the correct name and address. ATI never sent and Williams did not receive the required notice.

In early May the police released the vehicle from the "hold" and informed Williams of its location, whereupon she immediately contacted ATI to demand the vehicle. ATI would not release the vehicle to her unless she first paid towing and storage charges. Williams declined to pay and had her attorney immediately send a formal written demand for the vehicle, with which ATI again refused to comply unless the charges were paid. ATI then sent notice to the nonexistent name and address (despite having received the owner's correct name and address from the DMV) and in June instituted lien foreclosure proceedings, foreclosed on the vehicle, and sold it.

Williams sued ATI for conversion damages and won partial summary judgment on liability, which ATI appeals. The question on appeal is whether a vehicle towing company is liable to a car owner for conversion as a matter of law where it refuses to allow the owner to retrieve the car without the owner first paying storage and towing costs, even though the towing company has failed to notify the owner as required by OCGA § 40-11-2. We hold that it is liable and affirm.

A de novo standard of review applies to an appeal from the grant of a motion for summary judgment, which grant is proper only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2] We view the evidence and draw all reasonable inferences in the light most favorable to the nonmovant.[3]

Unless it has a lien on the vehicle, a towing company that has towed and held a car at police request must release the car to its owner upon demand once police have released the car from its "hold" status. "[T]his Court in [*Mays v. Lampkin*][4] recognized the obligation of the garage owner to return the vehicle as soon as the 'hold' for evi-

---

[1] Since the events at issue took place prior to July 1997, we apply Chapter 11 of Title 40 of the Code as it existed prior to the amendments taking effect on July 1, 1997 and thereafter, to determine the rights, duties, and obligations of the parties. See *Dept. of Human Resources v. Deason*, 238 Ga. App. 853, 856 (1) (a) (520 SE2d 712) (1999). Cf. Ga. L. 1998, p. 1305; Ga. L. 2000, p. 951, § 13-1.

[2] *Hardin v. City Wide Wrecker Svc.*, 232 Ga. App. 617 (502 SE2d 548) (1998); see OCGA § 9-11-56 (c).

[3] *Hardin*, supra, 232 Ga. App. 617.

[4] 207 Ga. App. 739 (429 SE2d 113) (1993).

dentiary purposes was released."[5] "Therefore, detention of the property by the garage against the demands of the owner amounts to a conversion."[6]

Here ATI claims that under OCGA § 40-11-4 (a) it had a lien on the vehicle for removal and storage costs. But "[p]rior to acquiring such lien, the person must have complied with the requirements of Code Section 40-11-2."[7] OCGA § 40-11-2 (d) required ATI, within seven days of the towing date, to notify Williams by certified or registered mail of the location of her vehicle, the fees connected with towing and storage, and the fact that it would be deemed abandoned unless she redeemed it within thirty days of the towing date. ATI did not do so, but instead sent a certified letter to a nonexistent name and address, even though it knew the correct name and address. ATI made no effort to rectify the problem when it received the letter back as undeliverable or when it received notice from the DMV as to the correct name and address and instead continued sending letters to the nonexistent name and address when it sought to foreclose on its alleged lien.

Because ATI admittedly did not comply with the notice provisions of OCGA § 40-11-2, it had no lien for towing and storage costs.[8] Thus, it had no authority to withhold the vehicle from Williams once the "hold" was removed. ATI's argument that it acted in "good faith" in retaining the vehicle is no defense to a cause of action for conversion.[9]

The trial court correctly granted Williams's motion for partial summary judgment on liability.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[5] (Citation omitted.) *Strickland v. Vaughn*, 221 Ga. App. 636, 638 (472 SE2d 159) (1996).

[6] (Citation and punctuation omitted.) Id.

[7] OCGA § 40-11-4 (a). See footnote 1, explaining why the pre-July 1997 Code sections apply.

[8] *First Nat. Bank of Gainesville v. Alvin Worley & Sons, Inc.*, 221 Ga. App. 820 (1) (472 SE2d 568) (1996); compare *Atlantic Steel Credit Union v. Shephard*, 204 Ga. App. 297, 298 (1) (419 SE2d 132) (1992) (because towing company complied with notice provisions, valid lien existed). Cf. *Gearing v. Complete Wrecker Svc.*, 187 Ga. App. 242, 243 (2) (370 SE2d 9) (1988) (no actionable conversion despite lack of compliance with OCGA § 40-11-2 notice provisions, where towing company's good faith efforts resulted in owner's actual knowledge that vehicle would be sold if not seasonably claimed).

[9] *Hardin*, supra, 232 Ga. App. at 619 (1) (b).

DECIDED AUGUST 24, 2000.

England & McKnight, J. Melvin England, Robert P. Taylor, for appellant.

Thomas E. Maddox, Jr., for appellee.