A09A0627. DANCO FINANCIAL, INC. v. MAULDIN BODY SHOP, INC.
(677 SE2d 711)

JOHNSON, Presiding Judge.

We granted discretionary review in this case to determine whether the trial court erred in awarding damages to Mauldin Body Shop, Inc., despite Mauldin's failure to strictly comply with the abandoned motor vehicle statute, OCGA § 40-11-2. Because we find that strict compliance with the statute is a prerequisite to recovery, we reverse the trial court's award of damages to Mauldin.

The applicable facts of the case are not in dispute. Danco Financial, Inc. is a lienholder of a vehicle that was involved in an accident on September 11, 2007. The registered owner's son subsequently brought the vehicle to Mauldin for repairs. Because of the owner's failure to pay for the repairs or remain in contact with Mauldin, Mauldin declared the vehicle abandoned on December 20,

---

[18] See *Wafford*, supra at 156 (1) (c).

[19] See id.

[20] Id.

2007. Upon Mauldin's request, the Sheriff's office notified Mauldin on December 28, 2007 that Danco was a lienholder of the vehicle. On January 7, 2008, Mauldin mailed notice to Danco that it was in possession of the vehicle and demanded $4,754.60 for "towing and administrative" fees, plus a $75 notification fee and storage at a rate of $20 per day from the date of the towing. The notice also informed Danco that the vehicle would be sold at a public auction if the fees were not paid. This was the first time Danco became aware that the vehicle was at Mauldin's facility.

When the parties could not reach an agreement about the vehicle fees, Danco filed an action in magistrate court asking the court to (1) determine the validity of the lien and the proper party to have possession of the vehicle, and (2) issue an order requiring Mauldin to surrender possession of the vehicle. Mauldin denied wrongfully holding the vehicle, claiming it had a lien on it for repairs, towing, and storage. Following a bench trial, the magistrate court awarded Mauldin $3,045 as a lien against the vehicle for storage fees, finding that Mauldin was not entitled to fees for the repair of the abandoned vehicle under OCGA § 40-11-2.

Danco appealed the case to state court, and, after a nonjury trial, the state court awarded $3,045 to Mauldin. Danco then appealed to this court for discretionary review, which we granted.

1. Danco contends the trial court erred by awarding damages to Mauldin under the abandoned motor vehicle statute even though Mauldin failed to comply with the notice requirement of the statute. We agree.

OCGA § 40-11-4 (a) provides that any person who removes or stores a motor vehicle that is or becomes an abandoned vehicle shall have a lien on the vehicle for the reasonable fees connected with the removal or storage, plus the cost of notification, "if the person moving or storing such vehicle is in compliance with Code Section 40-11-2." One of the duties imposed by OCGA § 40-11-2 (f) is written notification:

> Upon ascertaining the owners of such motor vehicle, the person removing or storing such vehicle shall, within five calendar days, by certified or registered mail or statutory overnight delivery, notify all known owners of the vehicle of the location of such vehicle and of the fact that such vehicle is deemed abandoned and shall be disposed of if not redeemed.

"Owners" includes "the registered owner, the owner as recorded on the title, lessor, lessee, security interest holders, and all lienholders

as shown on the records of the Department of Revenue."[1]

It is undisputed in the present case that Mauldin learned that Danco was a lienholder on December 28, 2007, but did not mail its certified notification letter until January 7, 2008. Although Mauldin asserts that the failure to timely deliver the notification was due to several days off during the New Year's holiday, the statute does not provide for excuses. OCGA § 40-11-2 (k) states: "Any person who does not provide the notice and information required by this Code section . . . shall not be entitled to any storage fees." And it is well established that lien statutes, being in derogation of common law, must be strictly construed against the lien claimant, and strict compliance is required in order to enforce them.[2] Strictly construing the lien statute as we must, Mauldin's failure to timely notify Danco of the abandoned vehicle resulted in a forfeiture of the fees that the abandoned motor vehicle statute might have provided.[3]

2. Based on our holding in Division 1, Danco's remaining enumerations of error are deemed moot.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 16, 2009.

*Daniel A. Coleman*, for appellant.
*Carson & Ruskell, G. Channing Ruskell*, for appellee.

---

[1] OCGA § 40-11-1 (3).

[2] *Benning Constr. Co. v. Dykes Paving &c. Co.*, 263 Ga. 16, 18 (426 SE2d 564) (1993); *Purser Truck Sales v. Horton*, 276 Ga. App. 17, 19 (2) (622 SE2d 405) (2005).

[3] See *Purser Truck Sales*, supra at 19 (2); *A Tow, Inc. v. Williams*, 245 Ga. App. 661, 662-663 (538 SE2d 542) (2000); *First Nat. Bank of Gainesville v. Alvin Worley & Sons, Inc.*, 221 Ga. App. 820 (1) (472 SE2d 568) (1996).