A09A0169. TRANSWORLD FINANCING CORPORATION
v. COASTAL TIRE AND CONTAINER REPAIR, LLC.
(680 SE2d 143)

SMITH, Presiding Judge.

Transworld Financing Corporation (Transworld) filed an action seeking a writ of possession for a vehicle held by Coastal Tire and Container Repair, LLC (Coastal Tire). Coastal Tire claimed a lien on the vehicle for repair costs and storage fees. The trial court denied Coastal Tire's request for the cost of repairing the vehicle[1] and granted Transworld a writ of possession conditioned upon its payment to Coastal Tire of $5,025 in vehicle storage fees. Transworld appeals, arguing that Coastal Tire was not entitled to storage fees because it failed to comply with the notice provisions of the Aban-

---

[1] Coastal Tire does not appeal from the trial court's denial of its claim for repair costs.

doned Motor Vehicle Act (the Act), OCGA § 40-11-1 et seq. We agree and reverse.

> While we apply a de novo standard of review to any questions of law decided by the trial court, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Because the clearly erroneous test is in effect the same standard as the any evidence rule, appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them.

(Citations and punctuation omitted.) *Lifestyle Home Rentals v. Rahman*, 290 Ga. App. 585 (660 SE2d 409) (2008).

The record reveals that Honore Mitchell purchased a 1996 Freightliner vehicle in August 2007. On September 5, 2007, Mitchell called Mark Gibbons, the owner of Coastal Tire, and asked Gibbons for help in repairing his vehicle which had broken down and was on the side of the road. Unable to make the repairs there, Gibbons towed the vehicle to his repair shop where his mechanics determined that there was water on the pistons.

Gibbons attempted to repair the vehicle at a cost of $1,768.53, but then called Mitchell in mid-September when he determined that the vehicle needed further repairs including a "total rebuild" or "in-frame" that would cost $9,000. Gibbons testified that Mitchell informed him that he was unwilling to pay for the repairs. Mitchell instead contacted his finance company, Transworld, who held a perfected security interest on the vehicle. Gibbons claimed that he also spoke with a representative of Transworld. That person informed him that Transworld would retrieve the vehicle and pay the storage fees and repair costs and that Mitchell was "let . . . out of his contract."

Gibbons claimed that on several occasions in October 2007, he spoke with someone named "Carl" who claimed he would retrieve the vehicle for Transworld. Neither Carl nor any other representative of Transworld retrieved the vehicle. Gibbons claimed that on November 28, 2007, he was informed that Transworld would not pay the vehicle storage fees. So on November 29, he sent a "notice of abandoned vehicle" to the "State." On December 20, 2007, Gibbons, on behalf of Coastal Tire, sent a "notice of abandoned vehicle" to the dealership that sold Mitchell the vehicle, Rody Truck Center. In February 2008, Transworld filed a writ of possession seeking to recover the vehicle. Coastal Tire filed an answer and counterclaim alleging that it had a lien on the vehicle for $1,768.53 in repair costs

and $5,025 in storage fees.

Following a hearing, the trial court concluded that Coastal Tire was prohibited from recovering the cost of the repairs and that Transworld was entitled to possession. The court found further that the vehicle "was not abandoned pursuant to OCGA § 40-11-1 because . . . Transworld . . . through its agents told [Coastal Tire] to remain in possession of the . . . vehicle because [Transworld] intended to retrieve the vehicle and would send someone to take possession of the vehicle."[2] The court then ruled that Coastal Tire was entitled to $5,025 in storage fees.

1. Transworld argues that it should not be required to pay storage fees to Coastal Tire. Coastal Tire would only be entitled to recover storage fees under OCGA § 40-11-4 if the vehicle had been abandoned. Under OCGA § 40-11-1 (1) (A), an abandoned motor vehicle is a vehicle

> [w]hich has been left by the owner or some person acting for the owner with an automobile dealer, repairman, or wrecker service for repair or for some other reason and has not been *called for* by such owner or other person within a period of 30 days after the time agreed upon; or within 30 days after such vehicle is turned over to such dealer, repairman, or wrecker service when no time is agreed upon; or within 30 days after the completion of necessary repairs.

(Emphasis supplied.) " 'Owner' or 'owners' means the registered owner, the owner as recorded on the title, lessor, lessee, security interest holders, and all lienholders as shown on the records of the Department of Revenue." OCGA § 40-11-1 (3). It is undisputed that the vehicle was left by Mitchell in September 2007.

We must therefore determine whether the vehicle was "called for" within 30 days. "In construing statutes, courts shall look diligently for the intention of the General Assembly. The words of a statute should be given a reasonable and sensible interpretation to carry out the legislative intent and render the statute valid." (Citations and footnotes omitted.) *Cox v. Barber*, 275 Ga. 415, 416 (1) (568 SE2d 478) (2002); see OCGA § 1-3-1 (a) and (b). "The intent of the General Assembly will control over the literal meaning of those terms which appear in the statute. Where a law is susceptible of more than one construction, it must be given that construction which is most equitable and just." (Citations and punctuation omitted.) *Randolph County v. Bantz*, 270 Ga. 66, 67 (508 SE2d 169) (1998).

---

[2] We do not decide here whether the court improperly considered Gibbons's testimony concerning what he was told by an unknown Transworld representative.

Coastal Tire argues that the vehicle was not abandoned because Transworld informed Coastal Tire that it would send someone to retrieve the vehicle.[3] In deciding as a matter of law that the vehicle was not abandoned, the trial court interpreted the words "called for" to include the act of an owner (or some person acting for the owner) orally communicating to the holder of a vehicle its claim to the vehicle and its intention to retrieve the vehicle. But this interpretation is unreasonable. Such a broad construction could result in a repairman or dealer being left with a vehicle indefinitely, and with no recourse, on the owner's statement of a claim to the vehicle and continual promise to retrieve it. We therefore conclude that "called for" means something more than simply promising to retrieve a vehicle.

Because the record here reveals that neither Mitchell nor Transworld "called for" the vehicle within 30 days after it was left with Coastal Tire, it was an abandoned vehicle as defined in OCGA § 40-11-1 (1) (A).[4] The trial court therefore erred in concluding that the vehicle was not abandoned.

2. Because we have held in Division 1 that the vehicle was abandoned, we now determine whether Transworld is required to pay storage fees to Coastal Tire. OCGA § 40-11-4 (a) provides that

[a]ny person who removes or stores any motor vehicle which is or becomes an abandoned motor vehicle shall have a lien on such vehicle for the reasonable fees connected with such removal or storage plus the cost of any notification or advertisement. *Such lien shall exist if the person moving or storing such vehicle is in compliance with Code Section 40-11-2.*

(Emphasis supplied.) OCGA § 40-11-2 (f) provides that

[u]pon ascertaining the owners of such motor vehicle, the person removing or storing such vehicle shall, within five calendar days, by certified or registered mail or statutory overnight delivery, notify all known owners of the vehicle of the location of such vehicle and of the fact that such vehicle is deemed abandoned and shall be disposed of if not redeemed.

---

[3] We note that the trial court's ruling was contradictory in that the court concluded the vehicle was not abandoned and that Coastal Tire could recover storage fees. But under OCGA § 40-11-4, storage fees can only be recovered for abandoned vehicles.

[4] The court found that "[f]rom October 15, 2007 until December 21, 2007, it is disputed whether [Transworld] sent anyone to [Coastal Tire] to retrieve the vehicle." The record shows, however, that any such attempt was made after the expiration of the 30-day time period.

And "[a]ny person who does not provide the notice and information required by this Code section . . . shall not be entitled to any storage fees." OCGA § 40-11-2 (k).

It is undisputed that Coastal Tire did not comply with the five-day notice requirement of OCGA § 40-11-2 (f) once the vehicle was deemed abandoned. "[T]he Supreme Court of Georgia has instructed that lien statutes, being in derogation of the common law, are to be strictly construed against the lien claimant, and that strict compliance is required in order to enforce them." (Citation, punctuation and footnote omitted.) *Purser Truck Sales v. Horton*, 276 Ga. App. 17, 18 (622 SE2d 405) (2005). Because Coastal Tire failed to provide the notice required by OCGA § 40-11-2 (f), it cannot recover any storage fees. See *Purser Truck Sales*, supra, 276 Ga. App. at 19 (2); *First Nat. Bank &c. v. Alvin Worley & Sons*, 221 Ga. App. 820 (1) (472 SE2d 568) (1996); see also OCGA §§ 40-11-4 (a), 40-11-2 (k).

The trial court therefore erred in conditioning Transworld's writ of possession upon the payment of Coastal Tire's storage fees.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED JUNE 10, 2009.

*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr., Collin R. Glidewell, Natasha D. Wilhite*, for appellant.

*Savage, Turner, Pinson & Karsman, Jeremy S. McKenzie, Kathryn H. Pinckney*, for appellee.

