## A09A0715. HORNER v. ROBINSON.
### (682 SE2d 578)

BERNES, Judge.

In this conversion action, appellee Grady Lanier Robinson sued appellant Kenneth John Horner, Jr., to recover a race car that Horner had foreclosed upon and purchased after Horner's towing company had towed and stored the car. Horner countersued, contending that he was entitled to damages and expenses of litigation due to the unnecessary trouble and expense caused by Robinson's lawsuit. Following Horner's partial motion for summary judgment on the issue of liability, the trial court held that Horner, through his company, failed to comply with the requisite notice provisions contained within the Abandoned Motor Vehicles Act, OCGA § 40-11-1 et seq., and ordered that Horner return the vehicle to Robinson. On appeal, Horner argues that the superior court lacked jurisdiction to consider the conversion action and erred in ordering the vehicle returned to Robinson. For the reasons that follow, we affirm.

We conduct a de novo review of a trial court's ruling on a summary judgment motion. *Hewitt Assoc. v. Rollins, Inc.*, 294 Ga. App. 600, 601 (669 SE2d 551) (2008). "Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Id. See OCGA § 9-11-56 (c).

The facts in this case are largely undisputed. In 2003, Robinson had purchased a 1969 Chevy Nova and designed, rebuilt and customized the vehicle into an upgraded drag race car which he raced in the Atlanta-based Outlaw Racing Street Car Association circuit. The vehicle was painted bright orange and contained the racing number "100" painted in yellow. Robinson held a bill of sale and certificate of title to the vehicle, but never registered it with the Motor Vehicle Division of the Department of Revenue (the "Department").

In June 2006, Robinson's Nova was stolen from a trailer located behind his residence. Robinson contacted the Clayton County Police Department and reported the theft. Although the police officer issued an incident report and assigned the case a number, human error caused the Nova's vehicle identification number ("VIN") to be improperly entered into the police system for stolen vehicles. Consequently, the law enforcement database did not reflect the vehicle as having been stolen.

The Nova was apparently stripped of its engine, transmission, and electrical components and left on the side of a roadway in DeKalb County. The DeKalb County Police Department subsequently dispatched TopCat Towing & Recovery, Inc. to tow and impound the vehicle. TopCat is a closely-held corporation of which Horner is the CFO, secretary, and registered agent.

Acting in accordance with OCGA § 40-11-2 (a), TopCat, through Horner, sought out the owner of the vehicle from law enforcement and received the name and address of the previous registered owner (not Robinson). A notice was then sent to the previous owner. The notice informed him that the vehicle was impounded at TopCat, set forth the fees due for towing and storage, and stated that the vehicle would be deemed abandoned after 30 days and sold at a public auction.

When the previous owner failed to respond to the notice, TopCat advised the Department of the abandoned vehicle and submitted a request for the names and addresses of all owners, security interest holders and lienholders of the Nova. See OCGA § 40-11-2 (e). Because of the improper entry of the VIN in the law enforcement database, the Department failed to recognize the vehicle as having been stolen. The Department gave TopCat the name of the previous owner as the owner of record, and otherwise disclaimed the existence of any security interest or lienholders.

In August 2006, TopCat initiated the lien foreclosure procedures set forth in the Abandoned Motor Vehicles Act, OCGA § 40-11-5. TopCat sent a certified letter to the previous owner notifying him that the vehicle had been declared abandoned and was subject to a lien for redemption and informing him of certain rights and responsibilities to prevent foreclosure and sale of the vehicle. Thereafter, TopCat filed a foreclosure petition in the Magistrate Court of DeKalb County, which resulted in the magistrate court's entry of an order establishing a lien in favor of TopCat and allowing a public sale of the vehicle.

A public sale of the Nova was held in September 2006, at which time Horner purchased the vehicle. When Robinson later learned through the racing circuit of Horner's possession and attempts to sell the car, he approached Horner and demanded the return of his property. Horner refused, and Robinson consequently filed the present conversion lawsuit in the superior court.

Following Horner's filing of a partial motion for summary judgment on the issue of liability, the trial court held that the notice that TopCat, through Horner, sent to the previous owner pursuant to OCGA § 40-11-5 (2) was legally deficient and thereafter ordered the vehicle returned to Robinson. This appeal followed.

1. Horner first argues that the superior court lacked jurisdiction to consider the conversion action, contending that Robinson should have filed a motion in the magistrate court pursuant to OCGA § 9-11-60 (d) to set aside the order authorizing the public sale. Although Robinson — a nonparty without notice of the action in the magistrate court — arguably could have filed a post-judgment motion to intervene in that action and then moved to set aside the

magistrate's order, we can find no authority to support Horner's contention that OCGA § 9-11-60 (d) provided Robinson's exclusive remedy. See *Rynerson v. Schat*, 215 Ga. App. 250, 251-252 (449 SE2d 901) (1994) (affirming the trial court's denial of appellant's post-judgment motion to intervene and set aside the judicial sale of his vehicle which was sold to satisfy a judgment against the party holding it on consignment because the appellant had other available remedies, including an action in conversion). See also *Purser Truck Sales v. Horton*, 276 Ga. App. 17, 19-20 (2) (622 SE2d 405) (2005) (writ of possession action); *A Tow, Inc. v. Williams*, 245 Ga. App. 661 (538 SE2d 542) (2000) (conversion action). Horner's argument therefore lacks merit.

2. Horner further argues that the superior court erred in denying him summary judgment on the issue of liability and in ordering that he return the vehicle to Robinson. We disagree.

The Abandoned Motor Vehicles Act provides:

> The person desiring to foreclose a lien on an abandoned motor vehicle shall, by certified or registered mail or statutory overnight delivery, make a demand upon the owners for the payment of the reasonable fees for removal and storage plus the costs of any notification or advertisement. Such written demand shall include an itemized statement of all charges. . . . The demand shall further state that failure to return the written demand to the lien claimant, file with a court of competent jurisdiction a petition for a judicial hearing, and provide the lien claimant with a copy of such petition, all within ten days of delivery of the lien claimant's written demand, shall effect a waiver of the owner's right to such a hearing prior to sale.

OCGA § 40-11-5 (2). The statute also sets forth civil and criminal penalties for failing to follow the notice provisions contained therein. See OCGA § 40-11-2 (k) ("Any person who does not provide the notice and information required by this Code section shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished as for a misdemeanor [and] shall not be entitled to any storage fees. . . .").

Because lien statutes are in derogation of the common law, we must construe them against a lien claimant. *Purser Truck Sales*, 276 Ga. App. at 18. Moreover, a lien claimant who seeks to take advantage of a statute must strictly comply with its provisions. Id. at 19 (2); *First Nat. Bank of Gainesville v. Alvin Worley & Sons, Inc.*, 221 Ga. App. 820 (1) (472 SE2d 568) (1996).

Here, the notice issued by TopCat, through Horner, did not

include an itemized list of the charges underlying the lien and neglected to notify the recipient that the failure to petition the court for a judicial hearing would waive his right to a hearing prior to the public sale. See OCGA § 40-11-5 (2). Absent strict compliance with the notice provisions, TopCat did not create a valid lien on the vehicle upon which to foreclose.[1] *Purser Truck Sales*, 276 Ga. App. at 19 (2); *A Tow, Inc.*, 245 Ga. App. at 663. Consequently, Horner cannot seek refuge in the statute as a defense to Robinson's conversion action.[2] Id.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 12, 2009 —
RECONSIDERATION DENIED JULY 23, 2009.

*Michael L. Wetzel*, for appellant.
*Cruser & Mitchell, Richard P. Hamilton*, for appellee.

---

[1] Horner's reliance on *Gearing v. Complete Wrecker Svc.*, 187 Ga. App. 242, 243 (2) (370 SE2d 9) (1988) is misplaced. *Gearing* held that a vehicle owner with actual notice is estopped from asserting a lienholder's failure to strictly comply with the notice statutes. But Robinson did not have actual notice.

[2] Horner has not contended on appeal that Robinson lacked standing to challenge the sufficiency of the notice.