A11A0523. HANDY ANDY OF EASTMAN, INC. v. EVANS et al.

(712 SE2d 589)

ADAMS, Judge.

Handy Andy of Eastman, Inc. appeals the trial court's grant of summary judgment to L. C. (Buster) Evans, Neal S. Patton, Max Beasley, Toni Beasley, Joanne Thompson, Lee A. Thompson, Lannie W. Et Hamsley, Cynthia Rena Britt, Todd A. Belflower & Kelly Belflower, and Derek L. Childs Property, LLC ("Appellees"), in their action to remove liens filed by Handy Andy on their respective properties and to quiet title. Because we find that Handy Andy failed to comply with the statutory requirements for filing such liens, we affirm.

M & M Construction ("M & M") purchased building materials and supplies from Handy Andy pursuant to an open account agreement for the construction, building and improvement of the Appellees' respective properties. M & M, however, failed to pay Handy Andy for these materials and supplies. And in December 2009, Handy Andy recorded mechanic's and materialman's claims of lien on each of the Appellees' properties.

---

Under OCGA §§ 44-14-361.1 (a) (3) and 44-14-367, a lien claimant has 365 days from the date of filing of the claim of lien to commence a lien action, and the failure to do so renders the claim of lien unenforceable. And pursuant to OCGA § 44-14-361.1 (a) (3), a lien claimant must file notice of the commencement of the lien action within 30 days after commencing such an action, or the lien becomes unenforceable.[1] See also OCGA § 44-14-367. Accordingly, OCGA § 44-14-367 provides that "[a] claim of lien may be disregarded if no notice of commencement of lien action was filed within 395 days from the date the claim of lien was filed." And the statute requires that any lien filed after March 31, 2009, must contain the following notice in at least 12-point bold font: **"This claim of lien expires and is void 395 days from the date of filing of the claim of lien if no notice of commencement of lien action is filed in that time period."** OCGA § 44-14-367. The failure to include this required language "shall invalidate the lien and prevent it from being filed. No release or voiding of such liens shall be required." Id.

The liens filed by Handy Andy contained a notice that differed from the required language in two respects. First, the Handy Andy language stated that the lien expired in "365" days, not "395" days as provided in the statute. Second, it omitted the word "action" so that it read that the lien expired "if no notice of *commencement of lien* is filed" within 365 days. (Emphasis supplied.) The trial court found that because Handy Andy's notice language failed to strictly comply with the statutory language, the liens were unenforceable and granted the Appellees summary judgment. Handy Andy argues, however, that these changes were merely typographical errors and that the language in its liens not only substantially complied with the statute, but actually worked to the Appellees' benefit.

"The materialman's statutes are construed in favor of the property owner and against the materialman. Further, the materialman's statute requires strict compliance. Before a materialman's lien can be allowed, the lien claimant must show compliance with all conditions of the statute." (Punctuation and footnotes omitted.) *Kendall Supply v. Pearson Communities*, 285 Ga. App. 863, 865 (648 SE2d 158) (2007) (failure to pay filing fees for notice of lien rendered lien unenforceable). We require strict compliance because

a materialman's lien effectively permits the transfer of liability from the person who actually contracted with the

---

[1] OCGA § 44-14-367 further provides that "[a] lien shall expire sooner and be disregarded once it is determined that no notice of commencement was timely filed in response to a notice of contest pursuant to Code Section 44-14-368."

materialman for materials to be used in improving real estate to the owner of the improved property, even though that property owner usually will have no relationship with the materialman, contractually or otherwise.

*Gwinnett-Club Assoc. v. Southern Elec. Supply Co.*, 242 Ga. App. 507, 508 (529 SE2d 636) (2000). While strict compliance may not be required for all portions of the lien statutes,[2] Georgia courts have generally required that a lienholder strictly comply with the notice provisions of these statutes. See *Horner v. Robinson*, 299 Ga. App. 327, 330 (2) (682 SE2d 578) (2009); see also *Purser Truck Sales v. Horton*, 276 Ga. App. 17, 19-20 (2) (622 SE2d 405) (2005); *A Tow, Inc. v. Williams*, 245 Ga. App. 661 (538 SE2d 542) (2000). Nothing in the language of OCGA § 44-14-367 provides that substantial compliance with the notice provision is sufficient; rather the title of the statute indicates that it is a "required statement," and the statute provides the lien "shall include" the statement.

Although Handy Andy may have altered the notice language inadvertently, we conclude that these alterations cannot be viewed as mere typographical errors. Rather the Handy Andy language provides misinformation regarding the applicable law. The Handy Andy language incorrectly informed the property owners that the lien expired within 365 days, but such liens do not expire by operation of law until 395 days, or 30 additional days, have passed. And it is timely notice of the commencement of a lien action, not notice of the lien itself, that prevents the expiration of the lien. Accordingly, we conclude that the trial court correctly granted summary judgment to the Appellees.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JUNE 20, 2011.

*Busch & Reed, Chad K. Reed*, for appellant.

---

[2] "[A]s to questions other than class of persons and kind of property, the courts should give the [lien] statutes a fair and equitable construction." *Athens Lumber Co. v. Burton*, 84 Ga. App. 249, 251 (66 SE2d 124) (1951). "Reason and equity unite in a conclusion that a materialman or laborer should not be deprived of the lien for reasons beyond his control and in the realm of the statute where a strict construction is not required." (Citation and punctuation omitted.) *Melton v. Pacific Southern Mtg. Trust*, 241 Ga. 589, 593 (247 SE2d 76) (1978). Compliance with the clear notice provision of OCGA § 44-14-367 was not a matter beyond Handy Andy's control, nor does it fall in the realm of the statute where strict construction is not required, such as OCGA § 44-14-361.1 (a) (2), which requires that a lien be "in substance" like the statutory language. See, e.g., *J. H. Morris Bldg. Supplies v. Brown*, 245 Ga. 178 (264 SE2d 9) (1980) (holding that under predecessor to OCGA § 44-14-361.1 (a) (2) lien not invalidated because lienholder failed to specify the amount or due date in the lien claim); *Vulcan Constr. Materials v. Franklin Builders Properties*, 298 Ga. App. 120, 122-123 (679 SE2d 356) (2009) (same where lien failed to state the date the claim was due).